COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Coleman and Overton
Argued by teleconference


LAWRENCE (NMN) BARLOW
                                          OPINION BY
v.        Record No. 2885-96-3    JUDGE SAM W. COLEMAN III
                                        JANUARY 27, 1998
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                    Richard S. Miller, Judge

          Thomas S. Leebrick (Mosby & Leebrick, on
          brief), for appellant.

          Richard B. Smith, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.


     Lawrence Barlow appeals his bench trial conviction for

possession of heroin with intent to distribute.  He contends the

trial court erred (1) by admitting irrelevant evidence of

statements he made to police regarding his prior drug use and

dealings; (2) by rejecting his accommodation defense; (3) by

permitting the Commonwealth during the sentencing phase to refer

to the length of the penitentiary sentences imposed on

codefendants, and (4) that the evidence was insufficient to prove

that he intended to distribute heroin.  Upon review, we affirm

the conviction.

                     I.  BACKGROUND

     Investigator W. K. Dance, while conducting drug surveillance

at the Lynchburg bus terminal with other police officers, saw

appellant drive into the parking lot and park beside a car driven

by Howard White.  The appellant and White began talking.  Shortly thereafter, Andrew Wilson, appellant's nephew, arrived on an incoming bus and got into appellant's car carrying a large, black duffel bag.  Both cars then left the bus terminal.

The officers lost sight of the cars in traffic.  However, Investigator Dance knew White's address and proceeded there.  When Investigator Dance arrived at White's apartment, he saw appellant, White, and Wilson entering the apartment.  When they saw Dance, they ran inside.  Dance radioed for back-up.

Dance then saw appellant leave the apartment and walk toward his car.  Dance approached appellant and identified himself.  He noticed that the black duffel bag Wilson had carried from the bus was located on the front passenger side floor of appellant's car.  A drug-sniffing dog, which had been brought to the scene, "alerted" on the vehicle.  Appellant then consented to a search of his car.  When Dance opened the duffel bag, he found cocaine.

Dance arrested Wilson for possessing cocaine.  Wilson then told Dance that heroin could be found in the apartment.  After Dance obtained White's consent to search his apartment, the officers found 492 individual packages of heroin in White's basement.

After being taken to the stationhouse, appellant waived his Miranda rights.  He then told the officers that he had picked up his nephew at the bus station to take him to Roanoke and that they had stopped by White's place to "get high."  He admitted

- 2 -

that he was a long-time heroin user.  Appellant acknowledged that on previous occasions Wilson had traveled to New York and returned with "bricks" of heroin to sell.  Appellant told police that on these occasions Wilson had given him heroin, and he had sold some of it to support his habit.  He said that he expected Wilson to bring a "brick," or fifty packages of heroin, on this occasion.  On previous occasions, appellant had sold at cost the heroin Wilson had given him so that he could "get high" with the purchasers and may occasionally have taken a profit of "a few dollars."

Appellant was indicted for possession of heroin with intent to distribute and possession of cocaine.  At appellant's bench trial, the judge denied the defense motion to suppress appellant's statement to police, holding that evidence of appellant's prior acts of receiving drugs from Wilson and distributing them to others was admissible to prove a common scheme of drug distribution between appellant and Wilson.  Testifying for appellant, Wilson stated that appellant had no knowledge of the drugs found in his duffel bag.  He testified that he had asked appellant to bring him from the bus station to Roanoke and that he and appellant went to White's to get high, not to sell drugs.

The trial court convicted appellant for possession of heroin with intent to distribute but struck the evidence as insufficient on the cocaine charge.  At appellant's sentencing, the prosecutor

asked the trial judge to impose the same ten-year penitentiary sentence that White and Wilson had received.  The trial court

ordered and received a presentence report, which also contained information regarding the codefendants' sentences.

## II. EVIDENCE OF PRIOR BAD ACTS

Generally, evidence of prior crimes or bad acts is inadmissible to prove that the accused committed the crime charged. See Wilson v. Commonwealth, 16 Va. App. 213, 220, 429 S.E.2d 229, 233 (1993) (admission of other crimes evidence tends to prejudice a defendant in the minds of the jury showing his depravity and criminal propensity). The rule is not without exception. If evidence of other conduct is relevant "to prove any element or fact in issue at trial, it should be admitted, whether or not it tends to show the [accused] guilty of another crime." Parnell v. Commonwealth, 15 Va. App. 342, 348, 423 S.E.2d 834, 838 (1992) (citing Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970)). Such evidence may be admitted "to prove any number of relevant facts, such as motive, intent, agency, or knowledge," Wilson, 16 Va. App. at 220, 429 S.E.2d at 234, or that the prior bad acts "constitute a part of [a] general scheme of which the crime charged is a part." Rodriquez v. Commonwealth, 249 Va. 203, 206, 454 S.E.2d 725, 727 (1995). However, to be admissible, the probative value of the evidence, which coincidentally may prove a crime, must outweigh the prejudicial effect inherent in such evidence. See Wilson, 16 Va. App. at 220, 429 S.E.2d at 233-34.

In this case, proof of appellant's prior drug dealings with

Wilson was highly relevant to prove that he and Wilson were involved in a continuing "general scheme" of drug procurement and distribution of which this shipment of heroin was a part. "Evidence of what the defendant did as a part of a plan or scheme of which the [drugs] he possessed was a part is the best available evidence of what he intended to do with the [drugs]" on this occasion. Rodriquez, 249 Va. at 206, 454 S.E.2d at 727. Accepting appellant's account that his involvement in the scheme was limited to providing transportation from the bus terminal to Roanoke in exchange for a small quantity of drugs, such evidence was relevant to prove that appellant knew of the nature and presence of heroin and that he would receive a quantity of it in exchange for his assistance. See Moore v. Commonwealth, 25 Va. App. 277, 288, 487 S.E.2d 864, 869 (1997) (holding evidence sufficient to prove possession of heroin with intent to distribute where defendant secreted heroin for another knowing of other's intent to sell the heroin). Such evidence proved a common scheme whereby the appellant aided and abetted Wilson's drug distribution activity. Rodriquez, 249 Va. at 207, 454 S.E.2d at 727-28.

Furthermore, the trial judge did not abuse his discretion in ruling that the prejudicial effect of this evidence did not outweigh its probative value. See Jennings v. Commonwealth, 20 Va. App. 9, 18, 454 S.E.2d 752, 756 (1995). Thus, the admission into evidence of appellant's statements to police was not error.

### III.  SUFFICIENCY OF THE EVIDENCE

On appeal, we view the evidence in the light most favorable to the Commonwealth and grant to it all reasonable inferences therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  We may not disturb the trial court's judgment unless it is "plainly wrong or without evidence to support it."  Beavers v. Commonwealth, 245 Va. 268, 282, 427 S.E.2d 411, 421 (1993).

The Commonwealth may prove possession of a controlled substance by showing either actual or constructive possession.  White v. Commonwealth, 24 Va. App. 446, 452, 482 S.E.2d 876, 879 (1997).

> To support a conviction based on constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Id. (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)).  Moreover, "the possession need not be exclusive.  The defendant may share [drugs] with one or more.  The duration of the possession is immaterial and need not always be actual possession."  Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970); see Wood v. Commonwealth, 213 Va. 363, 192 S.E.2d 762 (1972) (upholding conviction for possession where defendant acted as intermediary between buyer and seller of drugs despite absence of any physical contact with drugs).

"Possession with intent to distribute is a crime which requires an act coupled with a specific intent." Stanley v. Commonwealth, 12 Va. App. 867, 869, 407 S.E.2d 13, 15 (1991) (en banc). Because direct proof of intent is often impossible to produce, it may, and frequently must, be shown by circumstantial evidence. Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988); see Monroe v. Commonwealth, 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987) ("The quantity of a controlled substance is a factor which may indicate the purpose for which it is possessed."). When the Commonwealth relies on circumstantial evidence, it must "exclude every reasonable hypothesis of innocence," Pemberton v. Commonwealth, 17 Va. App. 651, 655, 440 S.E.2d 420, 422 (1994), but need not disprove every remote possibility of innocence. Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988).

A person who knowingly aids or abets another in the commission of a felony is guilty of the felony as a principal in the second degree and is subject to the same punishment as the perpetrator of the crime. Code § 18.2-18. Appellant told the officers that he expected Wilson to have heroin, as he had on previous occasions, and that they had gone to White's house to get "high." The evidence is sufficient to prove that appellant knowingly aided and abetted Wilson in transporting heroin from the Lynchburg bus station to Roanoke, knowing that Wilson was going to sell or distribute the heroin. Furthermore, the

- 8 -

evidence was sufficient to prove that in exchange for his assistance, appellant expected to receive from Wilson a quantity of heroin.

Accordingly, the evidence is sufficient to support appellant's conviction for possession of heroin with intent to distribute as a principal in the second degree based upon his providing assistance to Wilson in transporting the drugs, knowing they were to be distributed, or as a principal in the first degree for his possession and transportation of the drugs in exchange for a quantity that he would use or sell.

### IV. ACCOMMODATION DEFENSE

Code § 18.2-248(D) provides for mitigation of punishment where one convicted of possession with intent to distribute is found not to be a dealer in drugs, but one "motivated by a desire to accommodate a friend without any intent to profit or to induce or to encourage the use of drugs." Stillwell v. Commonwealth, 219 Va. 214, 219-20, 247 S.E.2d 360, 364 (1978). Appellant argues that the trial court erred in refusing to apply the accommodation defense under Code § 18.2-248(D) because the evidence of his prior dealings proved that he only intended to accommodate others by "charg[ing] them the cost . . . just to get high with them."

The "profit" contemplated by the accommodation statute includes any "commercial transaction in which there is consideration involved. It does not mean that a seller of drugs

has to sell drugs to a buyer at a price in excess of the amount the seller has paid for [them]."  Hudspith v. Commonwealth, 17 Va. App. 136, 138, 435 S.E.2d 588, 590 (1993).  In appellant's statement to police, he admitted he had sold at cost the heroin he obtained from Wilson and sometimes would make a small profit.  Also, he admitted he received drugs from Wilson in exchange for assisting Wilson; therefore, whatever remuneration appellant received from the sale of the drugs was profit to him.  Thus, the evidence proved that appellant intended to sell the heroin in a commercial transaction for consideration, as he had done on prior occasions.  The fact that appellant would not sell the heroin for more than he "paid" for it is of no import.  The evidence did not prove that appellant sold the heroin to others merely as an accommodation.  The trial court's rejection of his accommodation claim was not error.  See Winston v. Commonwealth, 16 Va. App. 901, 905, 434 S.E.2d 4, 6 (1993) (defendant bears the burden to prove an accommodation distribution by a preponderance of the evidence).

### V.  REFERENCE TO CODEFENDANTS' SENTENCES

Appellant contends the prosecutor committed reversible error by referring to the length of the codefendants' sentences during appellant's sentencing hearing.  Appellant contends this action violated the principle that "a defendant has a right to have his . . . punishment determined by the evidence against him and not by what sentence has been imposed in another criminal

prosecution against an accomplice, [or] a co-defendant." See Ward v. Commonwealth, 205 Va. 564, 138 S.E.2d 293 (1964). See also Walker v. Commonwealth, 212 Va. 289, 291, 183 S.E.2d 739, 741 (1971) (citing Ward, 205 Va. at 573-74, 138 S.E.2d at 298 (1964)). The situation in Ward is not comparable to the situation in the present case. In Ward, the prosecutor's comment was made during a unitary jury trial; in this case, the comment was made in a bench trial to the trial judge during the sentencing phase. A trial judge is given greater latitude than a jury in the factors that may be considered in determining an appropriate sentence, including a variety of facts that are contained in presentence reports. See Code § 19.2-299. The presentence report may contain "the history of the accused . . . and all other relevant facts to fully advise the court so [it] may determine the appropriate sentence to be imposed." Id. (emphasis added). Thus, even in a jury trial, the judge may consider the same factors when supervising a jury verdict and considering whether to accept, suspend, or modify the jury's recommended sentence. A codefendant's sentence may be considered relevant by the trial judge to the ultimate sentence that is imposed in either a bench or jury trial and the length of a codefendant's sentence is routinely contained in the presentence report, even though such information would be inappropriate for a jury to consider. See State v. Giebel, 541 N.W.2d 815, 820 (Wis. App. 1995); State v. Buck, 314 S.E.2d 406, 410 (W. Va. 1984). In

this case, the prosecutor's comment regarding the codefendants'
sentences was information contained in the presentence report.

The trial judge did not err in permitting the prosecutor's comment.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>