COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


ROBERT CARL BURNETT

MEMORANDUM OPINION[*] BY
v. Record No. 0111-98-3 CHIEF JUDGE JOHANNA L. FITZPATRICK
JANUARY 5, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James F. Ingram, Judge

Elwood Earl Sanders, Jr., Director
Capital/Appellate Services (Public Defender
Commission, on briefs), for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Robert Carl Burnett (appellant) was convicted in a bench
trial of two counts of grand larceny by check in violation of
Code § 18.2-181.1. Appellant contends the evidence was
insufficient to prove beyond a reasonable doubt that he committed
the offenses charged. We find no error and affirm.

I.

Under familiar principles of appellate review, we examine
the evidence in the light most favorable to the Commonwealth,
granting to it all reasonable inferences fairly deducible
therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493
S.E.2d 677, 678 (1997). So viewed, the evidence established that
on June 13, 1997, appellant opened a bank account at American

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

National Bank with an initial deposit of $15,049.54. Between June 13 and June 18, 1997, appellant wrote eight checks totaling approximately $14,840. He withdrew $400 from an automatic teller machine (ATM) on June 19, and $300 from an ATM on June 20, 1997. Appellant made no deposits into the account after the initial June 13 deposit. On July 3, 1997, the bank mailed a letter to appellant at his last known address, advising him that his account had been forcibly closed and that it was overdrawn by more than $500. Appellant testified that he did not receive the bank's letter.

Between June 28 and July 4, 1997, appellant wrote seven checks to Ed's Stop N Go, totaling $252.13. The first check was returned for insufficient funds, and the latter six were returned, marked "account closed." Stop N Go mailed appellant a demand letter on July 23, 1997, by certified mail, return receipt requested, which was returned as "unclaimed." This letter was mailed to 10 Laurel Avenue, the address on appellant's checks.

On July 5, July 11, and July 14, 1997, appellant wrote three checks, totaling $282.42, to Harris Teeter. All three checks were returned, marked "account closed." Brenda Poole, a manager at Harris Teeter, testified that she called the phone number on appellant's checks on July 25 and spoke to an individual who identified himself as "Robert." Poole advised "Robert" that his checks had not cleared and that he needed to reimburse Harris Teeter. On August 1, 1997, Poole mailed a demand letter by

certified mail, return receipt requested, to the Laurel Avenue
address listed on appellant's checks.  The letter was
subsequently returned to Harris Teeter as undelivered.

Appellant testified that he moved from the Laurel Avenue
address during the last week in June.  He did not make any
notations on his checks indicating that he had moved.  Although
appellant arranged with the postal service to forward his mail to
his new address, he did not inform the bank about the change of
address.  Appellant also testified that as he wrote the checks he
made notations in his check register.  Both Stop N Go and Harris
Teeter were reimbursed by appellant in November 1997, the week
before he was tried on these charges.

The trial court found that the Commonwealth established a
prima facie case of intent and knowledge pursuant to Code
§ 18.2-183.  However, the trial court further noted that there
was sufficient evidence, even without the statutory presumption,
to find appellant guilty.

                              II.

On appeal, "[w]e may not disturb the trial court's judgment
unless it is `plainly wrong or without evidence to support it.'"
 Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901,
904 (1998) (citation omitted).  In addition, "the inferences to
be drawn from proven facts are matters solely for the fact
finder's determination."  Marshall v. Commonwealth, 26 Va. App.
627, 633, 496 S.E.2d 120, 123 (1998).

Under Code § 18.2-181.1,[1] the Commonwealth was required to prove that: (1) appellant wrote two or more checks on the same bank account; (2) the checks were written to the same person, firm or corporation; (3) he knew when he wrote the checks that he did not have sufficient funds in his account to cover their payment; (4) he wrote the checks with the intent to defraud; (5) the checks were written within a ninety-day period; (6) the aggregate value of the checks written to each store exceeded $200; and (7) the appellant received goods or services for each check.

---

[1]Code § 18.2-181.1 provides:

> It shall be a Class 6 felony for any person, within a period of ninety days, to issue two or more checks, drafts or orders for the payment of money in violation of § 18.2-181, which have an aggregate represented value of $200 or more and which (i) are drawn upon the same account of any bank, banking institute, trust company or other depository and (ii) are made payable to the same person, firm or corporation.

Code § 18.2-181 provides in part:

> Any person who, with intent to defraud, shall make or draw or utter or deliver any check, . . . knowing, at the time of such making, drawing, uttering or delivering, that the maker or drawer has not sufficient funds in, or credit with, such bank, . . . for the payment of such check, . . . although no express representation is made in reference thereto, shall be guilty of larceny; and, if this check . . . has a represented value of $200 or more, such person shall be guilty of a Class 6 felony.

Appellant contends that his convictions should be reversed because the evidence was insufficient to prove that he knew, when he wrote the checks, that his account did not have sufficient funds or that he intended to defraud the two merchants.  He argues that the Commonwealth must show that he had actual notice of any overdraft in his bank account at the time the checks were written.

> The law does not require the Commonwealth to prove by direct evidence the defendant's actual notice of insufficient funds to support a conviction of larceny by check.  The intent to defraud may be proven by circumstantial evidence.  Under Code § 18.2-183, the making or drawing or uttering or delivery of a check, . . . payment of which is refused by the drawee because of lack of funds or credit <u>shall be prima facie evidence of intent to defraud or of knowledge of insufficient funds</u> in, or credit with, such bank . . . unless such maker . . . shall have paid the holder thereof the amount due thereon, . . . within five days after receiving written notice that such check . . . has not been paid to the holder thereof.  Notice mailed by certified or registered mail, evidenced by return

receipt, to the last known address of the maker or drawer shall be deemed sufficient and equivalent to notice having been received by the maker or drawer.

(Emphasis added). The statute further provides that "the foregoing notice, when sent by certified or registered mail to such address, . . . shall be deemed sufficient and equivalent to notice having been received by the maker or drawer, whether such notice shall be returned undelivered or not." Code § 18.2-183.

The facts presented here, taken as a whole, were sufficient to prove appellant's guilt beyond a reasonable doubt. Appellant conceded at trial that the requisite letter sent by Stop N Go complied with the above statute. Similarly, Brenda Poole of Harris Teeter testified that she sent a letter to appellant on August 1, 1997, which explained that he had five days to pay the returned checks. Both merchants sent appellant demand letters pursuant to Code § 18.2-183, but did not receive payment from him within five days. Accordingly, the Commonwealth presented prima facie evidence that appellant intended to defraud each of the victims.

Nevertheless, appellant contends that the trial judge did not rely on the statutory inference when finding appellant guilty. To the contrary, the trial court specifically ruled that the Commonwealth benefitted from the presumption of the statute. The trial judge added: "I think that [the presumption] isn't

- 6 -

needed in this case, based on the evidence that has been adduced hereto." While the Commonwealth relied on Code § 18.2-183 to establish a prima facie case, there was additional evidence to support a finding that appellant knew his bank account had insufficient funds when he wrote the several checks. After making the initial and only deposit of approximately $15,000 into the account, appellant spent the entire sum within one week. Thereafter, he made ATM withdrawals totalling $700, which resulted in an overdraft of $511.61 and the closing of his account. This was four days before appellant wrote the first of the checks to Stop N Go.

Although appellant denied any intent to defraud and knowledge of insufficient funds in his account, the fact finder was not required to believe him nor give any weight to his testimony. See Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) ("In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."). The trial court was not plainly wrong when it concluded that appellant had knowledge that his bank account was overdrawn when he wrote the checks. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of both counts of issuing bad checks.

Accordingly, appellant's convictions are affirmed.[2]

Affirmed.

---

[2]Appellant also contends for the first time on appeal that Code § 18.2-183, as applied in this case, is unconstitutional because "it places an undue burden on the poor."  Assuming without deciding the constitutionality of the statute, there was substantial circumstantial evidence, in the absence of the statutory inference, to support appellant's convictions.