COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Coleman
Argued at Chesapeake, Virginia


MICHAEL RASHIF KENTA GREEN

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0701-08-1                      JUDGE SAM W. COLEMAN III
                                                    MARCH 24, 2009
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
                              Glen A. Tyler, Judge

            Andrew G. Wiggin for appellant.

            Craig W. Stallard, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


      Michael Rashif Kenta Green was convicted following a bench trial of possession of

cocaine with the intent to distribute.  On appeal, Green asserts the evidence was insufficient to

support his conviction.  For the reasons that follow, we disagree and affirm the trial court's

decision.

                                    BACKGROUND

      "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

      So viewed, the evidence proved that on February 28, 2007, Officer Frank Ulrich was

assisting another officer in a traffic stop on the Chesapeake Bay Bridge when he observed a car

      * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

with heavily tinted windows that he believed to be in violation of Code § 46.2-1052. Ulrich motioned for the car to stop. The driver first pulled the car to the shoulder, but then suddenly accelerated and drove away. Ulrich pursued the car as it traveled at a high rate of speed. After exiting one of the tunnels, the car veered towards the right side of the bridge and appellant, the front seat passenger, threw "an object over the top of the bridge." Ulrich described the object as "some kind of a bag." Ulrich succeeded in forcing the vehicle to stop. Appellant immediately "jumped out of the vehicle and raised his hands" as the driver leaned out of sight. When the driver exited the car, he "leaned up . . . in a pulling motion and . . . a bag came up and [burst and] all of a sudden you see a white powder substance explode inside of the car, like a snowstorm." The driver attempted to throw the bag over the side of the bridge, but the empty bag blew back into the roadway. "[B]ecause of the wind ['the white powder substance'] was all over the outside of the vehicle, all over the door, inside the door, the handles where [the driver] grabbed."

As the police searched appellant, three small chunks of an off-white powder fell from inside his pants legs. Testing revealed that the objects from appellant's pants and the powder in the vehicle were cocaine.

The powder cocaine recovered from the car weighed 157 grams. Special Agent Scott Wade testified the amount of narcotics recovered was inconsistent with personal use and consistent with cocaine trafficking.

From the car, the police also recovered two traffic citations issued to appellant that day. Both indicated he earlier was driving the car in which he was riding as a passenger at the time of the stop. The first citation was issued in Delaware and the second in New Jersey. Also in the car were receipts indicating the car passed through a Virginia toll gate, traveling north, at approximately 3:40 a.m. The summonses were issued at approximately 8:30 a.m. and 9:20 a.m., and the car again passed through a Virginia toll gate, traveling south, at 5:11 p.m. Wade

explained that the apparent route appellant and his companion traveled is a "route routinely used by individuals trafficking narcotics into the Tidewater area . . . ."

ANALYSIS

Appellant concedes that "the evidence was sufficient [to prove] that whoever possessed the amount of cocaine" in the bag recovered from the car "possessed it with the intent to distribute it." He argues that the Commonwealth failed to demonstrate he possessed any of the cocaine located in the car or on his person.

"The Commonwealth may prove possession of a controlled substance by showing either actual or constructive possession." Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998).

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). "The Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the drugs . . . ." Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (*en banc*).

Appellant and his companion shared the driving of the car during a fourteen-hour trip traversing a known drug trafficking route. Both men claimed they did not know who owned the vehicle. Instead of stopping for Ulrich, the driver and appellant attempted to flee the scene. Appellant discarded a bag over the side of the bridge during the chase, and the driver attempted to discard another after the stop. The driver's bag contained a significant amount of cocaine. Although the evidence indicated the bag had been placed near or in a vent on the driver's side of

the center console, it was in close proximity to where appellant sat in the front passenger seat. Appellant initially refused to obey Ulrich's orders to get to the ground, thus distracting the officer as the driver attempted to discard the other package. The car's driver swerved towards the side of the bridge allowing appellant to discard a bag, further indicating the two were working together and in concert with one another. Finally, appellant was in actual possession of a small quantity of cocaine which fell from his pants leg during the search, demonstrating his familiarity with the drugs and further supporting the court's conclusion that he jointly possessed the larger amount along with the driver.

> In determining whether a defendant constructively possessed drugs, the defendant's proximity to the drugs and his occupancy of the vehicle must also be considered. Although mere proximity to the drugs is insufficient to establish possession, and occupancy of the vehicle does not give rise to a presumption of possession, [see] Code § 18.2-250, both are factors which may be considered in determining whether a defendant possessed drugs.

Josephs v. Commonwealth, 10 Va. App. 87, 100, 390 S.E.2d 491, 498 (1990) (*en banc*). "Moreover, 'the possession need not be exclusive. The defendant may share [drugs] with one or more.'" Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 905 (1998) (quoting Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970)).

The trial court believed the Commonwealth's evidence and rejected appellant's version of the events. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

Appellant's proximity to the drugs, his occupancy of the vehicle, and his possession of the cocaine found on his person, combined with the fact that he participated in driving the car on a one-day roundtrip through Delaware and New Jersey, over a known drug trafficking route, along with the other evidence (including the car's flight from Ulrich and appellant's throwing

another bag over the side of the bridge as the car sped away from the police), provided the trial court with sufficient evidence to conclude appellant knowingly and jointly possessed the narcotics with the requisite intent.

The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of possession of cocaine with the intent to distribute.

<u>Affirmed.</u>