COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Beales and Senior Judge Bumgardner
Argued by teleconference


ANDRE PERNEL ACKLIN, S/K/A
  ANDRE PERNEL ACKLIN, JR.
                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1125-09-1              JUDGE RUDOLPH BUMGARDNER, III
                                                           JULY 27, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
David F. Pugh, Judge

Charles E. Haden for appellant.

Josephine F. Whalen, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Andre Pernel Acklin appeals his conviction for possession of cocaine. He contends the

evidence was insufficient to prove he possessed the drug. Finding the evidence sufficient, we

affirm.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

Police officers went to an apartment to serve outstanding arrest warrants on the defendant

based on information that he was there. When Ashley Green opened the door, Officer Townsend

immediately detected the odor of marijuana. Green stated the defendant was not in the

apartment. The police conducted a protective sweep of the residence before leaving to obtain a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

search warrant. They found the defendant in an upstairs bedroom. They took him into custody while they went to obtain a search warrant for the apartment.

During the subsequent search of the apartment, but prior to the discovery of the scale and cocaine, the defendant and Green were placed in a police vehicle and their conversation was recorded. The defendant stated, "Well, they didn't even check up top where the plate at, you know, where the plate at, where the plate at and everything. They didn't even check up there." The defendant expressed hope that the police would not "check on top of the cabinets[.]" After listening to the recording, Detective B. Nielsen alerted the officers conducting the search to look for a "plate," which is a term that often refers to digital scales. The officers did locate a digital scale on top of a kitchen cabinet. It had cocaine residue on it, and next to the scale they found a bag containing approximately one half gram of crack cocaine.

At trial, the defendant testified that he arrived at Green's apartment shortly before the police arrived. He admitted he knew the term "plate" referred to digital scales and that he was referring to the scale when he spoke with Green in the police car. The defendant also admitted he knew Green had cocaine in the apartment but denied knowing the cocaine was on top of the cabinet with the scale.

"The Commonwealth may prove possession of a controlled substance by showing either actual or constructive possession." Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998).

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). The Commonwealth was not

required to prove that the defendant was the only person capable of exercising dominion and control over the cocaine. Possession of an illegal substance "'need not be exclusive.'" <u>Barlow</u>, 26 Va. App. at 429, 494 S.E.2d at 905 (quoting <u>Ritter v. Commonwealth</u>, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970)). "'The defendant may share [the drugs] with one or more'" other individuals. <u>Id.</u> (quoting <u>Ritter</u>, 210 Va. at 741, 173 S.E.2d at 806).

The defendant's statements in the police vehicle clearly indicated he was aware of the presence, character, and location of the digital scale found on top of the kitchen cabinet. That cabinet was the only one that did not reach the ceiling of the room. A photograph of the top of the cabinet showed that the scale and baggie were hidden from ready observation. A vertical edge running along the top blocked sight of the top of the cabinet and what might be on it.

The scale itself contained cocaine residue. A baggie of cocaine, as shown in photographs, was adjacent to it. In his testimony, the defendant admitted he knew there was cocaine in the apartment and he would have used some "for a laced blunt." While in the police car, the defendant said that he had told Green "to roll a blunt" before the police arrived. Furthermore, the defendant's statement that "the plate . . . *and everything*," (emphasis added), was "up top" suggests he knew that the bag of cocaine was also on top of the cabinet with the digital scale.

Where the Commonwealth relies on circumstantial evidence to prove constructive possession, we ask only whether a rational fact finder could reject defense theories and find the defendant guilty beyond a reasonable doubt. <u>Jordan v. Commonwealth</u>, 273 Va. 639, 646, 643 S.E.2d 166, 170 (2007). The totality of the circumstances disclosed by the evidence that included the defendant's presence in the apartment, his statements in the police vehicle, and his

testimony, was sufficient to support the finding that the defendant was in constructive possession of the cocaine found in the apartment. Accordingly, we affirm.

<u>Affirmed.</u>