COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


WILLIAM CRISSON THORNTON
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2479-10-2                      JUDGE WILLIAM G. PETTY
                                                        NOVEMBER 29, 2011
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                          Burnett Miller, III, Judge

          Robert P. Geary for appellant.

          Craig W. Stallard, Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


        William Crisson Thornton was convicted of possession of methadone, a Schedule II

controlled substance, in violation of Code § 18.2-250.  On appeal, he assigns error to the trial

court's denial of his "motions to strike the Commonwealth's evidence."  After the

Commonwealth presented its evidence at trial, Thornton moved to strike primarily on the basis

that the Commonwealth had not proven that he was under the influence of methadone when a

police officer encountered him.  At the close of all the evidence, Thornton renewed his motion to

strike and additionally argued that while he was "technically" in possession of methadone, his

possession of the drug was not "really illegal" because the substance was left in his car by his

girlfriend, who testified that she had a valid prescription for it.  The trial court denied both

motions.  Having evaluated the arguments presented by Thornton to this Court, we cannot

conclude that the trial court erred.  Thus, we affirm Thornton's conviction.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

The issue before us is a narrow one. Code § 18.2-250 makes it criminal "for any person knowingly or intentionally to possess a controlled substance," unless certain exceptions apply, i.e., "if the substance was obtained directly from, or pursuant to, a valid prescription" or "as otherwise authorized by the Drug Control Act." In his brief before this Court, Thornton has not invoked either exception. Indeed, the argument section of his brief, which spans approximately one page, includes no legal authority or argument in support of the application of either exception set forth in Code § 18.2-250.[1] We find this omission significant. Accordingly, the only issue before this Court is whether the Commonwealth presented sufficient evidence that Thornton possessed the methadone found in his car.[2] See Rule 5A:20(e) (requiring the appellant

---

[1] The short argument section of Thornton's brief begins, "To be convicted of possession . . . the Commonwealth must prove that the accused possessed the drug illegally and was aware and have [sic] knowledge of what it was . . . ." It ends with the following:

> Is the commingling in a pill bottle of two validly proscribed [sic] drugs a violation of § 18.2-250? There was no illegal, criminally intent [sic] possession of the Methadone by Thornton. The evidence falls short of an intentional violation of § 18.2-250. Thornton used his prescribed Xanax pills. The Methadone was Ms. Whitman's to be used by her. There was no criminal possession of those by the defendant.

[2] Whether Thornton actually used methadone is immaterial. The crime he was convicted of proscribes the possession of a Schedule II controlled substance, not the use thereof. See Code § 18.2-250.

to present this Court with principles of law and authority to evaluate); Atkins v. Commonwealth, 57 Va. App. 2, 20, 698 S.E.2d 249, 258 (2010) (holding that the appellant's omission must be significant to result in the waiver of an argument under Rule 5A:20(e)); see also Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("Appellate courts are not unlit rooms where attorneys may wander blindly about, hoping to stumble upon a reversible error. If the [appellant] believed that the circuit court erred, it was [his] duty to present that error to us with legal authority to support [his] contention.").

In reviewing the sufficiency of the evidence to prove this fact, we will reverse the trial court only upon a showing that it was "plainly wrong or without evidence to support it." Code § 8.01-860; Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63-64 (2010). "The Commonwealth may prove possession of a controlled substance by showing either actual or constructive possession." Barlow v. Commonwealth, 26 Va. App. 421, 429, 494 S.E.2d 901, 904 (1998). A person has constructive possession of a controlled substance when the person is aware of the presence and character of the substance and it is subject to his dominion and control. Merritt v. Commonwealth, 57 Va. App. 542, 556, 704 S.E.2d 158, 165 (2011) (en banc).

Here, the evidence establishes that Thornton constructively possessed the methadone found in his car. Thornton admitted that he knew the bottle in his car contained methadone, and thus he was aware of the nature and presence of the substance in his car. Thornton also acknowledged that he had recently driven his car alone from his friend's house when the police officer discovered the methadone. This activity demonstrates that the substance was subject to his dominion and control. Indeed, in his second motion to strike before the trial court, Thornton

admitted that "technically" he was in possession of methadone.  Accordingly, the evidence was sufficient to prove that Thornton possessed the methadone found in his car.

Therefore, we affirm.

Affirmed.