COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Fulton and Ortiz
Argued at Norfolk, Virginia


MICHAEL ANTHONY HOLLOMON, JR.

MEMORANDUM OPINION* BY
v.     Record No. 1953-22-1     JUDGE DANIEL E. ORTIZ
MARCH 5, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Kevin M. Duffan, Judge

Amber Novoa Alvarez Torgerson, Assistant Public Defender, for
appellant.

Jason D. Reed, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Michael Anthony Hollomon, Jr. appeals his conviction, following a bench trial, for

possession of a firearm by a convicted violent felon, in violation of Code § 18.2-308.2.[1] Hollomon

asserts that the evidence is insufficient to support his conviction because the Commonwealth failed

to prove he exercised dominion and control over his passenger's firearm. For the following reasons,

we disagree, and affirm the conviction.

BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v.*

*Hudson*, 265 Va. 505, 514 (2003)). That principle requires us to "discard the evidence of the

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

[1] Hollomon was also charged with driving on a suspended operator's license, but the trial
court struck that charge at the close of the Commonwealth's evidence.

UNPUBLISHED

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

While on patrol on July 2, 2022, Virginia Beach Police Officers Richard Legath and Konstantinos Viennas encountered a vehicle with no front license plate. The officers initiated a traffic stop and the vehicle, driven by Hollomon, came to a stop shortly thereafter.

As the officers approached the vehicle, they scanned the interior for firearms. Upon arriving at the front windows, both officers observed a firearm in the center console near the gear shift in plain view. Officer Viennas noted that the firearm was "approximately four to six inches away from [Hollomon's] right leg as [Hollomon] was seated in the driver's seat of the vehicle." Lakesha Johnson was identified as the front seat passenger. Officer Viennas commanded Hollomon to exit the vehicle, and Hollomon complied.

While being detained, Hollomon stated that he was a convicted felon but denied ownership of the firearm in the center console. Officer Viennas retrieved the firearm—a loaded Taurus G2s—from the center console. Johnson claimed ownership of the Taurus. After verifying that Hollomon was a felon, Officer Viennas searched the vehicle. On the front passenger floorboard in plain view was a second loaded firearm—a Ruger-5.7. Officer Viennas noted that the firearm would have been located between Johnson's feet while she occupied the passenger seat.

The Commonwealth introduced Hollomon's prior conviction confirming his status as a convicted felon at the time of the traffic stop. Hollomon moved to strike the charges. The trial court struck the driving on a suspended operator's license charge but denied Hollomon's motion to strike the firearm charge.

Johnson testified that she was intoxicated that evening, so Hollomon drove her car. The pair were driving from Johnson's house to Virginia Beach, which Johnson stated took approximately 20 minutes. Johnson stated that she owned the Taurus found in the center console and that Hollomon never touched it. Johnson also claimed that she was unaware that the Ruger was in the vehicle until the officers found it. She denied ownership of the Ruger and stated that it was already in the vehicle before she and Hollomon drove that evening. She asserted that a friend had borrowed the vehicle and had accidently left the Ruger behind.

Latoya Drewitt testified that she had borrowed Johnson's vehicle before the traffic stop and had accidently left her Ruger in the car. Drewitt explained that she did not realize she left her Ruger behind until later and that she forgot to tell Johnson it was in the vehicle.

After closing argument, the trial court convicted Hollomon of the firearm offense and sentenced him to five years of incarceration. Hollomon appeals.

ANALYSIS

Hollomon asserts that the evidence was insufficient to support his conviction.[2] "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself

---

[2] Hollomon argues this issue is preserved, and in the alternative asks the Court to consider the argument under the ends of justice exception to Rule 5A:18. The Commonwealth concedes that the issue is preserved. In *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011), the Court stated that even if a motion to strike is not made at the close of all evidence, "an appropriate argument made during closing, or 'summation,' will preserve a challenge to the sufficiency of the evidence in a bench trial." Here, in his bench trial, Hollomon made a motion to strike at the close of the Commonwealth's case, but he did not make a motion to strike at the close of all the evidence. In closing, however, he did make an appropriate argument challenging the sufficiency of the evidence. Therefore, we agree with the Commonwealth that the issue is preserved, and we need not consider Hollomon's Rule 5A:18 argument.

whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Hollomon asserts that he never exercised dominion and control over Johnson's firearm. Although he was aware of the firearm's presence, he claims that the weapon was understood to be Johnson's and therefore not his. He contends that he did not touch the firearm or claim that he owned the gun. He asserts that his proximity to the firearm for about 20 minutes was insufficient to establish that he exercised dominion and control over it.

"It shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm." Code § 18.2-308.2(A). Possession can be proven "by showing either actual or constructive possession." *Birdsong v. Commonwealth*, 37 Va. App. 603, 607 (2002) (quoting *Barlow v. Commonwealth*, 26 Va. App. 421, 429 (1998)).

To establish constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [firearm] and that it was subject to his dominion and control." *Terlicki v. Commonwealth*, 65 Va. App. 13, 24 (2015) (quoting *Drew v. Commonwealth*, 230 Va. 471, 473 (1986)). "Possession may be joint or several." *Smallwood v. Commonwealth*, 278 Va. 625, 631 (2009) (quoting *Burnette v. Commonwealth*, 194 Va. 785,

- 4 -

792 (1953)). "Two or more persons may be in possession where each has the power of control and intends to exercise control jointly." *Id.* "While the Commonwealth does not meet its burden of proof simply by showing the defendant's proximity to the firearm, it is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed the firearm." *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008). "[T]he issue of constructive possession 'is largely a factual one and must be established by evidence of the acts, declarations and conduct of the accused.'" *Smallwood*, 278 Va. at 631 (quoting *Ritter v. Commonwealth*, 210 Va. 732, 743 (1970)).

In *Smallwood*, Smallwood was driving a vehicle with a front seat passenger. *Id.* at 627. In the early morning hours, the police stopped Smallwood for a "road check." *Id.* After the deputies smelled a strong odor of alcohol coming from the vehicle, the officers directed Smallwood to move his car to the side of the road for further investigation. *Id.* A deputy approached and observed a .38 caliber revolver in plain view on the center console beside Smallwood's leg. *Id.* at 628. Smallwood, a convicted felon, explained that the gun was his passenger's, that he never touched it, and that he thought having the firearm in the vehicle was lawful if the gun's owner was in the car. *Id.*

The Virginia Supreme Court found that Smallwood's own statements established that he was aware of the presence and character of the firearm. *Id.* at 631. Further, the vehicle was small and the firearm rested on an open console "right beside [Smallwood's] right leg." *Id.* The Supreme Court concluded that Smallwood had unrestricted access to the firearm and, "[i]n an instant, [he] could have had actual, exclusive possession of the firearm[.]" *Id.* Thus, Smallwood had joint constructive possession of his passenger's firearm. *Id.* at 632.

Here, like *Smallwood*, Hollomon was aware of the character and nature of the firearm.[3] Additionally, Johnson admitted that the firearm was in the center console in plain view the entire time she and Hollomon drove—approximately 20 minutes. Hollomon had unrestricted access to the firearm in the center console that was only four to six inches from his right leg. Thus, in an instant, Hollomon could have had actual, exclusive possession of the firearm. *See id.* Although Johnson's ownership of the firearm was relevant to the constructive possession inquiry, it was not dispositive. *See id.* at 631 (holding that "[p]ossession and not ownership is the vital issue" in constructive possession cases). Upon this evidence, a reasonable finder of fact could conclude beyond a reasonable doubt that Holloman constructively possessed a firearm and that he was guilty of possessing a firearm after conviction of a felony.

CONCLUSION

We find that the evidence was sufficient to convict Hollomon of possession of a firearm by a convicted violent felon. Accordingly, we affirm the trial court's decision.

*Affirmed.*

---

[3] Hollomon concedes this in his appeal.