COURT OF APPEALS OF VIRGINIA


Present: Judges Malveaux, Friedman and Senior Judge Petty


CEVAN ORINOEL PIERCE

                                                    MEMORANDUM OPINION*
v.      Record No. 0553-24-1                              PER CURIAM
                                                         JULY 29, 2025
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                           Robert B. Rigney, Judge

            (Trevor Jared Robinson, on brief), for appellant.

            (Jason S. Miyares, Attorney General; Aaron J. Campbell, Assistant
            Attorney General, on brief), for appellee.


        Cevan Orinoel Pierce ("appellant") was convicted in a bench trial of possession of a

firearm by a convicted felon, in violation of Code § 18.2-308.2.[1]  On appeal, he challenges the

sufficiency of the evidence to support his conviction.  After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit," "the dispositive issue or issues have been authoritatively decided," and "the

appellant has not argued that the case law should be overturned, extended, modified, or reversed."

Code § 17.1-403(ii)(a)-(b); Rule 5A:27(a)-(b).  And finding no error, we affirm the trial court.

---

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

        [1] Appellant also was convicted of felony eluding, in violation of Code § 46.2-817.  That
conviction is not at issue in this appeal.

I. BACKGROUND

"On appeal, we state the facts 'in the light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences.'" *Commonwealth v. White*, 293 Va. 411, 413 (2017) (quoting *Evans v. Commonwealth*, 290 Va. 277, 280 (2015)).

From April 8, 2023, appellant was wanted on several warrants, including one for second-degree murder. On the afternoon of May 4, 2023, Detective Rogers of the Norfolk Police Department's fugitive unit saw appellant and a woman leave a hotel and get into a car. Appellant drove the car away. Rogers and several other officers followed appellant, "waiting for a good place and time to do a takedown." But before police could stop appellant, he sped away from them. With their lights and sirens activated, police pursued appellant at high speed through downtown Norfolk, heavy traffic in the Downtown Tunnel, and Portsmouth and Chesapeake. Appellant finally stopped after he collided with a car and a police vehicle "drove into the side of his car."

Police removed appellant from the driver's seat and his companion from the front passenger seat. Investigator Gibson of the Norfolk Police Department, who participated in the pursuit and stop, testified that when he looked in the car to check for additional passengers he saw "an AR weapon in the back seat."[2] The Commonwealth introduced into evidence a photograph of the back seat and firearm that Gibson said accurately depicted what he saw in appellant's car. The photograph showed a firearm in plain view, sitting on the middle of the passenger seat behind the driver's seat.

Appellant moved to strike the evidence, arguing that it was unknown who put the firearm in the car or "the way it was positioned prior to [appellant] . . . getting into the car" and that the

---

[2] The parties stipulated at trial that the "AR weapon" found by police was a Tactical Omni Hybrid AR pistol that satisfied the pertinent definition of a "firearm." *See* Code § 18.2-308.2(A); *Jordan v. Commonwealth*, 286 Va. 153, 157 (2013) (providing definition).

firearm's position may have been affected by "impacts with the car." The trial court took the matter under advisement. When the motion was renewed, the trial court maintained the matter under advisement.

In a subsequent letter opinion,[3] the trial court denied appellant's motion to strike after finding that there was sufficient evidence to prove he had constructively possessed the firearm. The trial court concluded appellant had been aware of the presence and character of the firearm, based on the fact that it was "in plain view . . . sitting uncovered on the rear seat" in a car driven by appellant. And the firearm, which was "within arm's reach," had been subject to appellant's dominion and control because it was "sitting in plain sight on top of the rear seat, making [it] . . . accessible to [appellant]."

The trial court convicted appellant of possession of a firearm by a convicted felon. This appeal followed.

## II. ANALYSIS

Appellant argues that the trial court erred in denying his motion to strike. He contends the evidence was insufficient to convict him of possession of a firearm by a convicted felon because it failed to prove he constructively possessed the firearm recovered by police.[4]

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va.

---

[3] The trial court incorporated its letter opinion by reference into an order denying the motion to strike and finding appellant guilty of possession of a firearm by a convicted felon.

[4] Appellant also contends the evidence was insufficient to prove he actually possessed the firearm. But the trial court neither considered nor ruled on the issue of actual possession, finding only that the firearm had been constructively possessed by appellant. The issue of actual possession is thus not properly before this Court, and we will not consider it. *See Lawlor v. Commonwealth*, 285 Va. 187, 255 (2013).

450, 460 (2018)). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Melick v. Commonwealth*, 69 Va. App. 122, 144 (2018) (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (en banc)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Burrous v. Commonwealth*, 68 Va. App. 275, 279 (2017)). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Simon v. Commonwealth*, 58 Va. App. 194, 206 (2011) (quoting *Coleman v. Commonwealth*, 226 Va. 31, 53 (1983)). "A circumstantial fact is admitted on the basis of an inference when the inference is a probable explanation of another fact and a more probable and natural one than other explanations, if any." *Commonwealth v. Barney*, 302 Va. 84, 98 (2023) (quoting *Toler v. Commonwealth*, 188 Va. 774, 780 (1949)).

A person violates Code § 18.2-308.2 "when, after having been convicted of a felony, he 'knowingly and intentionally possess[es] or transport[s] any firearm.'" *Lucas v. Commonwealth*, 75 Va. App. 334, 346 (2022) (alterations in original) (quoting Code § 18.2-308.2(A)). "Possession can be proven 'by showing either actual or constructive possession.'" *Id.* (quoting *Barlow v. Commonwealth*, 26 Va. App. 421, 429 (1998)). A conviction based upon constructive possession must be supported by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [firearm] and that the [firearm] was subject to his dominion and control." *Commonwealth v. Garrick*, 303 Va. 176, 183 (2024). "In determining whether a defendant constructively possessed a firearm, the defendant's proximity to the firearm and his

- 4 -

occupancy . . . of the vehicle must . . . be considered." *Logan v. Commonwealth*, 19 Va. App. 437, 444 (1994) (en banc). And although "'occupancy alone is insufficient to prove knowing possession of [contraband] located . . . in a vehicle,' other circumstantial evidence coupled with . . . occupancy often establishes the constructive possession of such contraband." *Lewis v. Commonwealth*, 76 Va. App. 92, 102-03 (2022) (first alteration in original) (quoting *Burchette v. Commonwealth*, 15 Va. App. 432, 435 (1992)). Further, "two or more persons may be in possession [of contraband] where each has the power of control and intends to exercise control jointly." *Atkins v. Commonwealth*, 57 Va. App. 2, 23 (2010) (quoting *Burnette v. Commonwealth*, 194 Va. 785, 792 (1953)).

Here, appellant notes, "there was no evidence to suggest exactly where the firearm was located in the vehicle prior to [a]ppellant entering the [vehicle]; whether it be under a seat, floormat or otherwise concealed from common observation." He further notes that "the [car] was subject to significant trauma at both [its] impacts." Thus, appellant argues, "the Commonwealth's evidence failed to prove [he] was aware of both the presence and character of the firearm at issue." Rather, "[a] reasonable hypothesis of innocence is that the recovered firearm was concealed within the vehicle[,] unbeknownst to either [appellant] or [his] passenger, and that its discovery by law enforcement was made after the impacts both uncovered and relocated the firearm."

Appellant's argument is without merit. Appellant was the driver, and thus an occupant, of the car in which police discovered a firearm in the back seat. That firearm, the trial court found, was "in plain view," "sitting uncovered" and "within arm's reach" of appellant. Testimony and photographic evidence adduced at trial support these factual findings. But more than just occupancy and proximity support the trial court's conclusion that appellant was aware of the presence and character of the firearm. Appellant was a fugitive wanted on a warrant for

second-degree murder. He was sufficiently intent on avoiding capture by police that he led multiple officers on a midday, high-speed car chase in downtown Norfolk, through a crowded tunnel, and across multiple jurisdictions, halting only after he collided with another car and was struck deliberately by a police vehicle. From these facts and circumstances, a reasonable fact-finder could infer that appellant had armed himself with the firearm found in the car as an aid to avoiding capture. And based on this inference and the facts found by the trial court, a reasonable fact-finder could have concluded, as the trial court did, that appellant had knowledge of the presence and character of the firearm.

Although appellant offers an hypothesis of innocence—that, unbeknownst to him and his passenger, the firearm was concealed within the car before he fled police and was only dislodged and put in plain view by the force of collisions—that hypothesis is unconvincing. It is unsupported by any evidence, apart from the mere evidence of the collisions themselves. "When assessing whether the circumstantial evidence excludes a reasonable hypothesis of innocence, the Commonwealth[] 'need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant.'" *Lucas*, 75 Va. App. at 348 (quoting *Simon*, 58 Va. App. at 206). And "[t]he Commonwealth is not required to prove that there is no possibility that someone else may have planted . . . or placed the [contraband]" in a place where it is found. *Brown v. Commonwealth*, 15 Va. App. 1, 10 (1992) (en banc). "'[T]he factfinder determines which reasonable inferences should be drawn from the evidence, and whether to reject as unreasonable the hypotheses of innocence advanced by a defendant.' 'Whether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong.'" *Lucas*, 75 Va. App. at 348 (alteration in original) (first quoting *Commonwealth v. Moseley*, 293 Va. 455, 464 (2017); and then quoting *Emerson v. Commonwealth*, 43 Va. App. 263, 277 (2004)). Here, the trial court implicitly rejected

appellant's hypothesis of innocence as an unreasonable one when it found appellant knew of the presence and character of the firearm. That determination by the trial court was not plainly wrong, and thus we will not disturb it on appeal.

Based upon the facts and circumstances of this case, a reasonable fact-finder could have concluded beyond a reasonable doubt that appellant constructively possessed the firearm found on the back seat of the car he was driving. Consequently, the trial court did not err in denying appellant's motion to strike and convicting him of possession of a firearm by a convicted felon.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*