EDWIN RODRIGUEZ

V.

COMMONWEALTH OF VIRGINIA

Record No. 940874

March 3, 1995

Present: All the Justices

*Steven T. Webster (Dominique F.T. Poirier*, on brief), for appellant.

*Richard B. Smith, Assistant Attorney General (James S. Gilmore, III, Attorney General*, on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

Indicted for feloniously possessing cocaine, a controlled drug, with intent to distribute in violation of Code § 18.2-248, defendant Edwin Rodriguez was found guilty by a jury in the Circuit Court of Fairfax County and sentenced in accord with the jury's verdict to imprisonment for 20 years.

Upon defendant's appeal, and sitting en banc on its own motion pursuant to Code § 17-116.02(D), the Court of Appeals affirmed the conviction. The opinion of the court expressed the views of four judges; three judges concurred in the result; and one judge dissented, joined in part by another judge. *Rodriguez v. Commonwealth*, 18 Va. App. 277, 443 S.E.2d 419 (1994).

We awarded the defendant an appeal from the Court of Appeals' judgment to consider questions dealing with "other crimes" evidence and with expert testimony on the ultimate fact in issue.

The facts adduced at trial were undisputed. On August 15, 1991, narcotics investigator Margaret A. DeBoard and other Fairfax County police officers went to an apartment rented to defendant's cousin located on Patrick Henry Drive in Fairfax County to execute a search warrant. Defendant, who was alone in the apartment, opened the door and was served with the warrant. A search of the premises revealed several packages containing 160 grams of cocaine in a closet and dresser in the same bedroom. The police also found drug paraphernalia, $160 in cash, and a black nylon bag. Inside the bag, the officers discovered a set of scales and a pay stub with defendant's name on it.

DeBoard arrested defendant and interviewed him later after advising him of his constitutional rights according to *Miranda v. Arizona*, 384 U.S. 436 (1966). During the interview, defendant confessed that he had been selling cocaine for his cousin for about three months; that he travelled to New York City about once

every week to obtain drugs to be sold; that he had purchased 4.5 ounces of the drug for $2,600 in New York the day before his arrest; that he was residing at two locations in Fairfax County, on Beacon Tree Lane with a sister and at the Patrick Henry Drive apartment with the cousin; that he owned the black nylon bag and the scales; and that, using the scales, he assisted the cousin in weighing cocaine to be distributed in the County. The events of August 15 gave rise to the indictment and the conviction under review.

At trial, the prosecutor, over defendant's objection, presented evidence showing that DeBoard first met defendant "several weeks" prior to August 15 when she arranged through an informant to buy cocaine from defendant. As DeBoard sat in a car in a parking lot in the County, defendant drove a vehicle into the lot with the informant as a passenger and parked close to DeBoard's car. The informant gave her an eighth of an ounce of cocaine in exchange for $150.

About a week later, according to the evidence, defendant, accompanied by the informant, drove a different vehicle to another meeting with DeBoard. DeBoard and defendant conversed from their vehicles while the informant entered the investigator's car. A second sale of cocaine took place in the same manner as the first transaction.

During defendant's post-arrest confession, he discussed with DeBoard the two "controlled buys." Defendant told the investigator that he accompanied the informant to the cousin's apartment on the first occasion, that defendant obtained the cocaine from the apartment, and that he drove the informant to deliver the cocaine to DeBoard. "On the second deal," according to the investigator, defendant informed her that the cousin "had actually given the informant the cocaine," apparently at the apartment, and defendant "simply drove him out to meet me on that occasion."

At trial, the court gave the jury the following limiting instruction related to the controlled buys: "You may consider evidence that the defendant committed offenses other than the offense for which he is on trial only as evidence of the defendant's intent and for no other purpose."

Addressing the first issue in this appeal, the defendant contends that the Court of Appeals erred in affirming the trial court's decision allowing the testimony about two prior sales of cocaine to be

admitted into evidence on the issue of his intent to distribute the drug. We disagree.

Generally, evidence that the accused committed other crimes is inadmissible to prove guilt of the crime for which the accused is on trial, even though the other crimes are of the same nature as the one charged in the indictment. *Kirkpatrick* v. *Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). But the exceptions to the general rule are as well established as the rule itself. *Morton* v. *Commonwealth*, 227 Va. 216, 222, 315 S.E.2d 224, 228, *cert. denied*, 469 U.S. 862 (1984). Apropos the present case, recognized exceptions to the general rule permit introduction of evidence of other offenses when "the evidence is connected with or leads up to the offense for which the accused is on trial" or when "the other crimes constitute a part of the general scheme of which the crime charged is a part." *Kirkpatrick*, 211 Va. at 272, 176 S.E.2d at 805.

Here, according to defendant's confession, he had been selling cocaine for his cousin for about three months prior to being arrested. The hub of this activity was the Patrick Henry Drive apartment, where the dope was weighed and repackaged for local distribution. The drugs warehoused there had been obtained by defendant during his regular trips to New York City. Indeed, the day before the arrest the defendant apparently had stocked the apartment with a fresh supply of New York narcotics.

Given the foregoing undisputed facts, proof relating to the controlled buys occurring within several weeks of defendant's arrest for the present offense clearly is evidence "connected with" the offense for which the accused is on trial and constitutes "part of the general scheme of which the crime charged is a part," within the meaning of the *Kirkpatrick* exceptions. The controlled buys stemmed from the enterprise centered in the apartment, the same location that spawned defendant's arrest and conviction. In short, the "other crimes" evidence was admissible to establish defendant's intent because it was "so intimately connected and blended with the main facts adduced in evidence" that it should not be excluded from consideration. *Walker* v. *Commonwealth*, 28 Va. (1 Leigh) 574, 576 (1829), *quoted in Kirkpatrick*, 211 Va. at 273, 176 S.E.2d at 806. And, the legitimate probative value of the "other crimes" evidence outweighs the incidental prejudice to the defendant. *See Woodfin* v. *Commonwealth*, 236 Va. 89, 95, 372 S.E.2d 377, 380-81 (1988), *cert. denied*, 490 U.S. 1009 (1989).

The cases of *Donahue v. Commonwealth*, 225 Va. 145, 300 S.E.2d 768 (1983); *Eccles v. Commonwealth*, 214 Va. 20, 197 S.E.2d 332 (1973); and *Boyd v. Commonwealth*, 213 Va. 52, 189 S.E.2d 359 (1972), relied on by defendant, do not require a different result. In those cases holding inadmissible "other crimes" evidence, the prior sales of drugs by the defendants in *Donahue* and *Boyd*, and the prior use of drugs in *Eccles*, were wholly unrelated to the offenses for which the respective defendants were on trial.

Even though the Attorney General maintains the Court of Appeals' judgment should be affirmed on this issue, he argues that the court's plurality opinion "went too far in requiring that such otherwise 'highly relevant' evidence must be shown to be part of the 'same stash' as the drugs in question in order to be admissible." The Attorney General refers to the following statement in the plurality opinion made in the course of ruling the evidence admissible: "The fact that the defendant previously had sold cocaine on two recent occasions would not be admissible without further evidence linking the sales to the cocaine which he possessed on this occasion." 18 Va. App. at 282, 443 S.E.2d at 423, *citing Wilson v. Commonwealth*, 16 Va. App. 213, 429 S.E.2d 229, *aff'd en banc*, 17 Va. App. 248, 436 S.E.2d 193 (1993). The Attorney General urges us to make clear that the nexus does not have to be so finite as the Court of Appeals specified, that is, the drugs involved in the prior sales do not have to be from the same cache of drugs that are the subject of the offense for which the defendant is being tried.

If the Court of Appeals established a so-called "same stash" rule in this context, we reject it. We have been referred to no case decided by this Court that adopts such a rule, and we have found none. And nothing we have said in this opinion should be construed as embracing such an idea.

Addressing the second issue in this appeal, the defendant contends that the Court of Appeals erred in concluding that defendant failed to contemporaneously object to inadmissible testimony of an expert witness relating to an ultimate issue of fact. The question arises in the following manner.

Before a police narcotics investigator testified as an expert witness, defense counsel moved to exclude the testimony as invading the province of the jury on an ultimate issue of fact, defendant's intent to distribute, citing *Llamera v. Commonwealth*, 243 Va. 262, 414 S.E.2d 597 (1992). In response to the objection, the

prosecutor made a proffer of the substance of the expert's testimony, and the trial court overruled defendant's objection.

The Court of Appeals held the expert's testimony that possession of 160 grams of cocaine "would be for distribution use" departed "from that avowed to the trial court and upon which the trial court ruled." *Rodriguez*, 18 Va. App. at 286, 443 S.E.2d at 424-25. Thus, the Court of Appeals decided, defendant's failure to object to the testimony when offered violated its contemporaneous objection rule and it was "barred by Rule 5A:18 from reviewing the question of the admissibility of the expert's final testimony." *Id.*

Because of the view we take of the issue, it is unnecessary for us to rule on the question whether the Court of Appeals properly invoked its procedural bar. We will assume that the expert's response violated the rule articulated in *Llamera* and that defendant's objection was sufficient to save the point for appeal. Nonetheless, we conclude that if the trial court erred in admitting the testimony, the error was harmless.

█ Defendant admitted participating in the drug distribution, obtaining 4.5 ounces of cocaine in New York City the day before his arrest, owning the scales found with the cocaine, procuring drugs from the apartment to sell to investigator DeBoard, and using the scales to weigh the dope for distribution. Also, DeBoard testified about defendant's part in the two prior sales to her. In sum, the accused has had a fair trial according to law, and the proof is conclusive of his guilt; any error in admitting the expert's testimony was utterly harmless. *See* Code § 8.01-678; *Lavinder* v. *Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (citing *Mu'Min* v. *Commonwealth*, 239 Va. 433, 442 n.4, 389 S.E.2d 886, 892 n.4, *cert. granted in part*, 498 U.S. 894, 111 S.Ct. 242 (1990), *aff'd*, 500 U.S. 415, 111 S.Ct. 1899 (1991) (discussing non-constitutional harmless error)).

Consequently, the judgment of the Court of Appeals will be

*Affirmed.*