COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


BENNIE WARD, JR.

v.          Record No. 1316-95-1     MEMORANDUM OPINION[*] BY
                                     JUDGE ROSEMARIE ANNUNZIATA
CITY OF VIRGINIA BEACH                    MAY 14, 1996


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  Alan E. Rosenblatt, Judge

            A. Robinson Winn (Winn & Jankell, on brief),
            for appellant.

            Nianza E. Wallace II, Assistant City Attorney
            (Richard J. Beaver, Assistant City Attorney;
            Office of the City Attorney, on brief), for
            appellee.


        Appellant, Bennie Ward, Jr., was convicted in the general

district court of one count of DUI, second offense.  In circuit

court, appellant pled guilty to a misdemeanor second offense DUI.

 The court found appellant guilty and sentenced him to sixty days

in jail with fifty-eight days suspended, suspended his license

for three years, and fined him $350.  On appeal, appellant

contends the trial court erred in accepting his guilty plea

because the court did not afford him the opportunity to waive his

right to a jury trial.

        A trial court's ruling will not be considered as a basis for

reversal on appeal "unless the objection was stated together with

the grounds therefor at the time of the ruling."  Rule 5A:18.  It

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

is well established that this Court will not consider an issue on appeal for which no "specific contemporaneous objection" was made at trial.  E.g., Rodriguez v. Commonwealth, 18 Va. App. 277, 284, 443 S.E.2d 419, 424 (1994) (en banc), aff'd, 249 Va. 203, 454 S.E.2d 725 (1995).  An objection is sufficient if a party "makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor."  Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc) (citation omitted).  "A matter not in dispute before the trial court will not be considered for the first time on appeal."  Connelly v. Commonwealth, 14 Va. App. 888, 891, 420 S.E.2d 244, 246 (1992).

> On appeal,
>> the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to [the reviewing court] a sufficient record from which [it] can determine whether the lower court has erred in the respect complained of.  If the appellant fails to do this, the judgment will be affirmed.

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).  An appellate court may act only on the facts contained in the record and "cannot base its decision upon appellant's petition or brief, or statement of counsel in open court."  Id.

Here, the record shows merely that appellant appeared before the court, in person, and by counsel, that he pled guilty, was

- 2 -

found guilty by the court, and was sentenced accordingly.  The record does not disclose that appellant objected to the court's acceptance of his plea without giving him the opportunity to waive his right to a jury trial.  Moreover, assuming, without deciding, that the court was required to afford appellant the opportunity to waive his right to trial by jury before accepting his plea, the record appellant presents is insufficient to establish that the trial court failed to do so.

Accordingly, appellant's conviction is affirmed.

Affirmed.