COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Senior Judge Hodges
Argued at Norfolk, Virginia


BRIAN TAYLOR, S/K/A
 BRIAN KEITH TAYLOR

                                    MEMORANDUM OPINION*
v.      Record No. 1920-96-1      BY JUDGE WILLIAM H. HODGES
                                        JUNE 17, 1997
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  Robert B. Cromwell, Jr., Judge

          Diane Fener (Office of the Public Defender,
          on brief), for appellant.

          Leah A. Darron, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     In a bench trial, the trial judge convicted Brian Taylor

(appellant) of violating Code § 53.1-203(2).[1]  Appellant argues

on appeal that the evidence was insufficient to support his

conviction.  For the reasons that follow, we affirm the

conviction.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Maynard v. Commonwealth,

_____

        *Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

        [1]Code § 53.1-203(2) makes it unlawful for "a prisoner in a
state, local or community correctional facility or in the custody
of an employee thereof to . . . [w]illfully break, cut or damage
any building, furniture, fixture or fastening of such facility or
any part thereof for the purpose of escaping, aiding any other
prisoner to escape therefrom or rendering such facility less
secure as a place of confinement . . . ."

11 Va. App. 437, 439, 399 S.E.2d 635, 637 (1990) (en banc).

The sole witness at trial was Thomas Wirges, who was employed as a deputy at the City of Virginia Beach Sheriff's Department. Wirges testified that on December 6, 1995, he was working in "booking," and that appellant was an "inmate." Appellant was locked in Camera Cell 1-F1 in booking and secured in a Pro-Straint chair.

The Pro-Straint chair is a restraining device used for individuals who present such a danger to themselves or to others that they cannot be maintained in a regular cell. The Pro-Straint chair consists of a large chair with a straight back and belts to strap down the inmate's legs, thighs, and chest. Long nylon straps with D-ring closures are used to secure the hands and feet. Without the straps to restrain the hands and feet, the Pro-Straint chair is rendered useless. While in the Pro-Straint chair, an inmate is monitored by camera, and is checked periodically by medical personnel.

On the monitor, Wirges observed appellant squirming out of the restraints in the Pro-Straint chair. Wirges grabbed his key and went to the cell. As Wirges opened the cell door, he heard the commode flush. Appellant, standing near the commode, said he "flushed the . . . restraints" so that they would not be put on him again. Wirges discovered that the nylon straps were missing from the Pro-Straint chair, and he did not recover them.

To sustain appellant's conviction, the Commonwealth was

required to prove that at the time of the incident appellant was "a prisoner in a state, local or community correctional facility or in the custody of an employee thereof . . . ." Code § 53.1-203. The phrase "prisoner in a . . . correctional facility" refers to the status of that person, and "is not dependent upon actual physical presence in such facility or otherwise restricted by a prisoner's location." Simmons v. Commonwealth, 16 Va. App. 621, 623, 431 S.E.2d 335, 336 (1993).

Appellant was an "inmate" when Wirges came on duty in "booking" as a deputy with the Virginia Beach Sheriff's Department on the night of December 6, 1995. Appellant was being restrained in the Pro-Straint chair and Wirges was responsible for monitoring him. These facts were sufficient to prove beyond a reasonable doubt that appellant was a "prisoner in a . . . correctional facility."[2]

Appellant contends that there was no proof that flushing the straps caused them damage. This argument ignores the fact that the Pro-Straint chair itself was damaged by the permanent removal of the nylon straps. In fact, the removal of the straps rendered the chair useless for its intended purpose of restraining particularly dangerous inmates. The chair was located in the

---

[2] In light of this conclusion, we need not consider appellant's argument regarding the failure of the indictment to charge that appellant was in the custody of a correctional facility employee. Moreover, this argument was not raised at trial and is barred by Rule 5A:18. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).

"booking" section of the Virginia Beach Sheriff's Department. Thus, the evidence sufficiently proved that appellant damaged furniture of a correctional facility.

Finally, the Commonwealth was required to show that by flushing the straps appellant intended to render the facility less secure as a place of confinement. "Intent is a subjective state of mind, and proof of it is ofttimes difficult. Frequently, it must be proved by circumstantial evidence alone. One may generally infer, however, that a person intends his deliberate acts." Rodriguez v. Commonwealth, 18 Va. App. 277, 282, 443 S.E.2d 419, 423 (1994) (citations omitted) (en banc), aff'd, 249 Va. 203, 454 S.E.2d 725 (1995).

Appellant was placed in the Pro-Straint chair because he had been determined to be a danger to himself or others. By removing the straps securing his hands and feet, appellant was able to get up from the chair and move about the cell. In this state, appellant was considerably less secure than while properly strapped into the Pro-Straint chair. In fact, appellant told Wirges that the reason he had flushed the straps was so they could not be placed on him again. These facts were sufficient to establish beyond a reasonable doubt that appellant flushed the straps with the purpose of making the facility less secure as a place of confinement.

For the foregoing reasons, we affirm appellant's conviction.

Affirmed.