# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Hellfried Sartori

September 17, 1998

Case No. K94480

BY JUDGE LESLIE M. ALDEN

Hellfried Sartori is charged in a two-count indictment with the felony of practicing medicine without a license, in violation of Virginia Code § 54.1-2409.1. The indictment alleges that Mr. Sartori "unlawfully and feloniously, without holding a current valid license ... performed an invasive procedure for which a license is required, or practiced a profession or occupation after having his license to do so was suspended or revoked." Count I alleges a violation on June 22, 1998; Count II alleges a violation on July 13, 1998.

Mr. Sartori claims that he is prejudiced by the joinder of the two offenses and moves this Court, pursuant to Supreme Court of Virginia Rules 3A:6 and 3A:10, to sever the counts and allow him a separate trial on each count. The Commonwealth maintains that the Motion to Sever should be denied because the conduct alleged in both counts of the indictment is part of a common scheme or plan to conduct abuses in violation of Virginia Code § 54.1-2409.1. In addition, the Commonwealth maintains that evidence admissible to prove one count is admissible to prove the other count; accordingly, justice does not require severing the counts.

Rule 3A:6(b) allows offenses to be joined in the same trial if they are "based on the same act or transaction, or two or more acts or transactions that are connected or constitute parts of a common scheme or plan." Rule 3A:10(b) states that, providing the requirements of 3A:6(b) are met, offenses may be tried together if "justice does not require separate trials."

In general, evidence of other crimes cannot be introduced to prove the guilt of the crime for which the accused is on trial even though the other crimes are of the same nature. In *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970), the Court said:

> The general rule is well established that in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged. It is also well established that evidence of other offenses should be excluded if offered merely for the purpose of showing that the accused was likely to commit the crime charged in the indictment. However, the exceptions to the general rule are equally well established. Evidence of other offenses is admitted … if it tends to prove any relevant element of the offense charged. Such evidence is permissible in cases where the motive, intent, or knowledge of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial. Also, testimony of other crimes is admissible where the other crimes constitute a part of the general scheme of which the crime charged is a part. Frequently, it is impossible to give a connected statement showing the crime charged without incidental reference to such contemporaneous and similar crimes and where there is only such incidental disclosure of other offenses.

Evidence of other crimes has been excluded where the previous crimes were "wholly unrelated to the offenses for which the … defendants were on trial." *Rodriguez v. Commonwealth*, 249 Va. 203, 454 S.E.2d 725 (1995). However, in this case, both counts, alleging the same felony committed on two different occasions, are related as they constitute part of the same general scheme. The facts proffered by the Commonwealth show that the Defendant's acts involve the same facility, the same business operation, and the same professional conduct. The Commonwealth also proffered that evidence of both events demonstrates that the accused was practicing without a license, a crime which arguably involves successive conduct. The two counts allege conduct applicable to each; it is therefore appropriate that evidence concerning each crime is admissible at the trial of the other. Under *Kirkpatrick*, the evidence of other offenses is permitted if it tends to prove an element of the offense charged, or if it goes to the intent, motive, or knowledge of the accused.

Therefore, regardless of whether Counts I and II constitute a common scheme, evidence of each is admissible as it goes to the "motive, intent, or knowledge of the accused." *Kirkpatrick v. Commonwealth*, 211 Va. at 272, 176 S.E.2d at 805. In addition, this evidence tends to negate an innocent explanation of the conduct charged.

Ultimately, the decision whether to sever the counts is a matter which rests within the sound discretion of the Court. Here, the two charges against Mr. Sartori are a part of the same general scheme. Although Mr. Sartori contends that the joinder of the counts will result in undue prejudice against him in the form of jury confusion, justice does not require a separate trial for each count. Thus, the Motion for Severance is denied.