COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Elder
Argued at Richmond, Virginia


RANDY ALFONZO LEFTWICH

                                    MEMORANDUM OPINION* BY
v.    Record No. 2466-99-3      JUDGE JERE M. H. WILLIS, JR.
                                       NOVEMBER 28, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                      Charles M. Stone, Judge

          James R. McGarry (Young, Haskins, Mann,
          Gregory & Smith, P.C., on brief), for
          appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     On appeal from his conviction of possession with intent to

distribute cocaine, in violation of Code § 18.2-248, Randy

Alfonzo Leftwich (appellant) contends that the Commonwealth

failed to prove his intent to distribute.  We reverse

appellant's conviction of possession with intent to distribute

and remand for conviction and sentencing on the lesser offense

of possession of cocaine, if the Commonwealth be so advised.

                        I.  BACKGROUND

     On December 3, 1997, the Martinsville Police Department

executed a search warrant at 125 Askin Street in the City of

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Martinsville, Virginia, which was rented to appellant's aunt, Barbara Leftwich.

In the front bedroom, the police found Barbara Leftwich lying in bed with a small child. Appellant was at the foot of the bed and rose to his feet as the officers walked into the room. As appellant removed his hands from his pocket, $15 and a plastic baggie containing 2.87 grams of cocaine fell to the floor, and $79 in cash was lying on the bed. Appellant acknowledged that these items were his.

In the same front bedroom, the police also seized a green beeper and a small amount of money lying on a nightstand near the bed and additional cocaine and some marijuana wrapped in tissue inside an armoire. Appellant denied ownership or knowledge of these items. He asked the officers, "how much time in jail did [they] think he'd have to pull?"

In the rear bedroom, the police found the appellant's twin brother, Landy Leftwich (Landy), in bed with a sixteen-year-old woman. In this bedroom the police found a .40 caliber handgun, ammunition for the handgun, a Bearcat scanner and a set of car keys. None of these items was attributable to appellant.

In the living room, the police seized a black leather jacket containing $1,956 in different denominations. This jacket was not tied to appellant.

Finally, the police found 17.9 grams of free base cocaine under the floor mat of a car parked at the house. The keys to

-

the car were found in the rear bedroom on the headboard of the bed where Landy and the sixteen-year-old woman were lying. The car was titled in the name of a third party not connected with this case. This cocaine was not tied to appellant.

Appellant moved to strike at the conclusion of the Commonwealth's evidence on the ground that it was insufficient to prove his possession of cocaine with the intent to distribute. The motion was denied, and appellant presented no evidence. After one of his codefendants presented evidence, appellant renewed his motion to strike, which was again denied.

## II.  ANALYSIS

Appellant concedes that the evidence was sufficient to prove he possessed the 2.87 grams of cocaine that fell from his pocket when the police entered the front bedroom. "This case therefore presents the question whether the facts proven by the Commonwealth established an intent to distribute rather than mere possession for personal use." Wells v. Commonwealth, 2 Va. App. 549, 551, 347 S.E.2d 139, 140 (1986). Upon reviewing the record, we hold that the evidence was insufficient to prove appellant intended to distribute cocaine.

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). "The jury's verdict will not be disturbed on appeal unless it is plainly

-

wrong or without evidence to support it."  Traverso v.
Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

"Because direct proof of intent [to distribute drugs] is often impossible, it must be shown by circumstantial evidence." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).  Circumstantial evidence "is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

The evidence established that appellant possessed the 2.87 grams of cocaine that fell from his pocket.  However, no evidence proved that he owned or constructively possessed the other items of contraband found throughout the house.  The mere presence of the black leather jacket containing $1,956 in cash, the .40 caliber handgun and ammunition, and the Bearcat scanner, while the appellant possessed the 2.87 grams of cocaine in the front bedroom, does not exclude the reasonable hypothesis that those items belonged to someone other than the appellant. Barbara Leftwich, Landy Leftwich, and the sixteen-year-old woman were all present in the house when the police executed the warrant.

Although the appellant was a frequent visitor to the home, he did not live there.  Other than his presence, the only evidence linking him to the premises was the testimony of

-

Barbara Leftwich that the appellant and his twin brother "were welcome to come and go pretty much as they chose" and that they had "free reign" in her home. He kept no clothes, important papers or other personal belongings there.

The appellant's question to the police, "how much time in jail did [the police] think he'd have to pull," does not prove an intent to distribute. Although this question may suggest consciousness of guilt, that guilt could be of possession only.

Finally, no evidence proved that the quantity of cocaine appellant possessed was inconsistent with personal use. See Rodriguez v. Commonwealth, 18 Va. App. 277, 443 S.E.2d 419 (1994) (en banc), aff'd, 249 Va. 203, 454 S.E.2d 725 (1995); Poindexter v. Commonwealth, 16 Va. App. 730, 432 S.E.2d 527 (1993). Mere "'[p]ossession of a small quantity creates an inference that the drug is for personal use.'" Servis, 6 Va. App. at 524, 371 S.E.2d at 165 (quoting Monroe v. Commonwealth, 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987)). The "[e]xistence of . . . intent . . . cannot be based upon surmise or speculation." Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975).

For these reasons, we hold the evidence was insufficient to support appellant's conviction for possessing cocaine with the intent to distribute in violation of Code § 18.2-248. Therefore, we reverse his conviction and remand the case to the

-

trial court for retrial on possession of cocaine, if the Commonwealth be so advised.

Reversed and remanded.