COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Elder, Frank, Humphreys, Kelsey, McClanahan, Haley, Petty,
           Beales, Powell and Alston
Argued at Richmond, Virginia


KEVIN L. HOLLOWAY
                                                            OPINION BY
v.      Record No. 0828-08-1                        JUDGE ROBERT P. FRANK
                                                         FEBRUARY 15, 2011
COMMONWEALTH OF VIRGINIA


UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

S. Jane Chittom (Office of the Capital Defender, on briefs), for
appellant.

Leah A. Darron, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        Kevin L. Holloway ("appellant") was convicted, in a bench trial, of possession with

intent to distribute an imitation controlled substance, in violation of Code § 18.2-248(G), and

assault and battery of a law enforcement officer, in violation of Code § 18.2-57.  On a rehearing,

a divided panel reversed the possession with the intent to distribute conviction, but affirmed the

conviction for assault and battery of a law enforcement officer.[1]  See Holloway v.

Commonwealth, 56 Va. App. 667, 696 S.E.2d 247 (2010).

        We granted the Commonwealth's petition for rehearing *en banc* and stayed the mandate

of the panel's decision.  On rehearing *en banc*, we now lift the stay and conclude the evidence

was sufficient to prove an intent to distribute.  We affirm appellant's conviction on that charge.

_____

[1] The assault and battery conviction is not before this *en banc* Court.

BACKGROUND

On the evening of August 19, 2006, Portsmouth police responded to a residence and observed appellant standing on the porch. They also observed another male standing in front of the porch. As the police pulled up to the residence, the second male began walking to the street. He was not apprehended.

The police observed appellant making a "pitching motion" with his left hand toward the front door. The officer was unable to determine what appellant threw. Appellant was ordered to the ground. As one officer advanced toward the house, he observed a plastic bag ("corner baggie") resting on the porch, in the area of appellant's "pitching motion."

Approximately fifteen to thirty seconds elapsed between the time appellant moved his arm and Officer Riddle's observation of the corner baggie. The corner baggie contained three smaller corner baggies, each holding what appeared to be $20 worth of crack cocaine. Testing later revealed the substance was not crack cocaine, but an imitation substance.

During the officers' interaction with appellant, no one else entered the porch area. The officers did not find any scales, packaging materials, or ingestion devices, either around the porch or on appellant's person. Officer Riddle testified that appellant did not have any money on his person, or if he did, it was "a minimal amount, not worth recovering." Appellant was arrested that evening.

At trial, Detective K. Gavin qualified, without objection, as an expert in the use, packaging, and distribution of narcotics. He testified that possession of three individually wrapped rocks of an imitation controlled substance, without possession of a smoking device, is inconsistent with personal use. He stated, "[T]here is no reason to possess an imitation controlled substance unless [an individual was] either ripped off or . . . possessed it to distribute." Detective Gavin dismissed the possibility that an individual would unknowingly purchase crack

cocaine in three individually wrapped baggies apparently worth $20 each, because "[i]t is not cost effective for a user to purchase three twenty-dollar rocks individually, packaged that way, for sixty dollars. They could get a lot more crack if they purchase[d] it in a larger quantity." Detective Gavin opined that a regular cocaine user would know that purchasing three twenty-dollar packages of crack cocaine was not cost effective and that a "new cocaine user . . . wouldn't have been purchasing three rocks at the same time. That's a lot more than a new cocaine user would attempt." However, when asked whether "all cocaine users, everyone who buys crack, shops around for the best deal, like Wal-Mart [sic]," Detective Gavin conceded that he could confirm only "that is what . . . most . . . users do."

Detective Gavin acknowledged that an individual may not carry a crack pipe or other ingestion device on their person if they bought the crack cocaine for later use; however, he stated that "normal user[s]" "maintain a stem or crack pipe on their person when they purchase crack cocaine."

The trial court found appellant guilty of possession with the intent to distribute an imitation controlled substance. This appeal follows.

## ANALYSIS

### A. Standard of Appellate Review

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth." Pryor v. Commonwealth, 48 Va. App. 1, 4, 628 S.E.2d 47, 48 (2006) (quoting Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003)). "Viewing the record through this evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" Cooper v. Commonwealth, 54 Va. App. 558, 562,

680 S.E.2d 361, 363 (2009) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis omitted)).

We examine a trial court's factfinding "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). An appellate court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Instead, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (citing Jackson, 443 U.S. at 319). We are "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004).

This deferential standard "applies not only to the historical facts themselves, but the inferences from those facts as well." Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (citation omitted); see also Sullivan, 280 Va. at 676, 701 S.E.2d at 63-64. Thus, a factfinder may "draw reasonable inferences from basic facts to ultimate facts," Haskins, 44 Va. App. at 10, 602 S.E.2d at 406 (citation omitted), unless doing so would push "into the realm of *non sequitur*," Thomas, 48 Va. App. at 608, 633 S.E.2d at 231 (citation omitted).

In a bench trial, a trial judge's "major role is the determination of fact, and with experience in fulfilling that role comes expertise." Haskins, 44 Va. App. at 11, 602 S.E.2d at 407 (citation omitted). Consequently, "we do not substitute our judgment for that of the fact

- 4 -

finder," Hamilton v. Commonwealth, 279 Va. 94, 105, 688 S.E.2d 168, 175 (2010), "even if our opinion were to differ," Ferguson v. Commonwealth, 51 Va. App. 427, 435, 658 S.E.2d 692, 696 (2008) (*en banc*). "If reasonable jurists could disagree about the probative force of the facts, we have no authority to substitute our views for those of the trial judge." Campbell v. Commonwealth, 39 Va. App. 180, 186, 571 S.E.2d 906, 909 (2002).

## B. Sufficiency – Intent to Distribute

Appellant argues that the evidence is insufficient to prove that he had the intent to distribute[2] in violation of Code § 18.2-248(A).[3] Appellant essentially contends the evidence gives rise to a reasonable hypothesis of innocence, namely that he possessed the imitation crack cocaine for personal use. Correctly observing the entire proof of "intent to distribute" is based on Detective Gavin's testimony, appellant contends that Gavin's testimony was ambiguous at best.

"Where an offense consists of an act combined with a particular intent, proof of the intent is essential to the conviction." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). "Because direct proof of intent [to distribute drugs, or imitation drugs] is often impossible, it must be shown by circumstantial evidence." Id. Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). Moreover,

---

[2] He does not contest the fact that he possessed the substance.

[3] Code § 18.2-248(A) states in part:

> Except as authorized in the Drug Control Act . . . , it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance.

[i]n considering an appellant's alternate hypothesis of innocence in a circumstantial evidence case, we must determine "not whether there is some evidence to support" the appellant's hypothesis of innocence, but, rather, "whether a reasonable [fact finder], upon consideration of all the evidence, could have rejected [the appellant's] theories in his defense and found him guilty of [the charged crime] beyond a reasonable doubt." [Commonwealth] v. [Hudson], 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003) (internal quotations omitted). Additionally, "circumstantial evidence is not viewed in isolation." Id. at 514, 578 S.E.2d at 786. "'While no single piece of evidence may be sufficient, the "combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion."'" Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991) (quoting Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919))). "Whether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997).

Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004).

Absent a direct admission by the defendant, intent to distribute must necessarily be proved by circumstantial evidence. See Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973). Virginia courts have considered a number of factors alone and in combination when determining if an intent to distribute exists: 1) packaging (see McCain v. Commonwealth, 261 Va. 483, 545 S.E.2d 541 (2001) (holding that cocaine packaged in two individually wrapped blocks in a single plastic bag supported a finding of distribution)); 2) quantity (see Early v. Commonwealth, 10 Va. App. 219, 222, 391 S.E.2d 340, 341 (1990) (noting that if the quantity of drugs possessed is greater than that ordinarily possessed for personal use, that fact alone may be sufficient to prove intent; however, where the quantity is small, the fact finder may infer the drugs were intended for personal use)); 3) presence or absence of drug paraphernalia for personal use (see Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (*en banc*) (recognizing the absence of drug "paraphernalia suggestive of personal use" as evidence of

an intent to distribute)); 4) expert testimony (see Askew v. Commonwealth, 40 Va. App. 104, 110, 578 S.E.2d 58, 61 (2003) (finding that expert testimony, such as from a police officer, is one factor to be considered by the fact finder in determining whether drugs were possessed with intent to distribute)); 5) a large amount of money (see Servis, 6 Va. App. at 524, 371 S.E.2d at 165 ("the presence of an unusual amount of money, suggesting profit from sales, is another circumstance that negates an inference of possession for personal use")); and 6) paraphernalia consistent with distribution (see Hambury v. Commonwealth, 3 Va. App. 435, 438, 350 S.E.2d 524, 525 (1986) ("the presence of paraphernalia [e.g., scales, baggie corners, or razor blades] used in the packaging process" is inconsistent with possession for personal use)).

The Commonwealth need not present evidence of each of the above factors; however, the totality of the circumstantial evidence must exclude the reasonable hypothesis of possession for personal use. Compare Dukes v. Commonwealth, 227 Va. 119, 122-23, 313 S.E.2d 382, 383-84 (1984) (possession of one-half ounce of marijuana packaged in three small envelopes, without drug paraphernalia or an unusual amount of money, is insufficient to convict a person of possession with intent to distribute), with Askew, 40 Va. App. at 111, 578 S.E.2d at 62 (possession of $700 worth of crack cocaine, a pager, and $65 in small bills, coupled with the absence of an ingestion device, is inconsistent with personal use), and White v. Commonwealth, 25 Va. App. 662, 668, 492 S.E.2d 451, 454 (1997) (*en banc*) (possession of a relatively small amount of cocaine, together with possession of a pager, an electronic scale, and $581 in small bills, supports a trial court's finding that the defendant possessed the cocaine with intent to distribute).

Here, the facts are not in dispute, nor is the credibility of Detective Gavin. The outcome of this case turns on the weight to be accorded the testimony of Detective Gavin, the Commonwealth's expert witness.

Gavin gave three reasons in support of his conclusion that appellant did not possess the substance for personal use: (1) no ingestion devices were found on his person, (2) the packaging was inconsistent with personal use, and (3) the substance was imitation crack, not crack.[4] Appellant maintains no evidence proves he knew the substance was an imitation drug.

Gavin's testimony, however, dismantled the hypothesis, and the sole defense theory of the case -- that appellant believed he possessed real, not imitation, crack and had indeed been "ripped off." Gavin stated that if appellant was an experienced user he would have purchased crack in bulk rather than in three packages because he would have been able to obtain more of the substance. If, on the other hand, appellant was an inexperienced user, he would not have purchased that quantity of crack because "[t]hat's a lot more than a new cocaine user would attempt." Therefore, be he experienced or be he inexperienced, it is unlikely that appellant would have purchased three packages of the substance, believing it to be crack.

As a result, the hypothesis that appellant believed he purchased crack, not imitation crack, for personal use and was "ripped off" was undermined by Gavin's testimony. "Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded." Miles v. Commonwealth, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964). Consequently, since appellant was not "ripped off," the only remaining reasonable hypothesis is that he "possessed it to distribute."

Appellant further argues that the evidence failed to exclude another reasonable hypothesis: that appellant purchased three packages of crack cocaine because a bulk quantity was not available at the time. However, the evidence does not support this suggestion, and

---

[4] Both appellant and the Commonwealth address the significance of appellant discarding the imitation crack cocaine. That action is not probative as to whether appellant knew the substance was imitation, nor whether he intended to distribute it.

again, the trial court rejected this theory. It is axiomatic that "the Commonwealth need only exclude reasonable hypotheses that *flow from the evidence* . . . ." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993) (emphasis added). It is not our task to engage in a game of "what if," or to attempt to create theories that the evidence does not support. This Court should "not base its holdings on 'what ifs.'" Newman v. State, 845 A.2d 71, 99 (Md. Ct. Spec. App. 2002), rev'd on other grounds, 863 A.2d 321 (Md. 2004). Were we to do so there is no limit to the theories that may arise from an inventive mind's eye — e.g., what if appellant found the imitation crack or was merely holding it for the other man the police observed in the area?

The absence of a smoking device is relevant in two respects. First, as noted above, the absence of a smoking device is evidence of an intent to distribute. Second, it is reasonable for the fact finder to conclude that since one cannot "smoke" an imitation drug, there was no need for appellant to possess a smoking device. Therefore, the fact finder could reasonably infer that appellant knew he possessed an imitation substance.

Appellant characterizes as ambiguous Gavin's testimony that "most" users look for the best deal and would not buy three individual rocks for personal use. Gavin also testified "normal user[s]" maintain some type of smoking device on their person. Thus, appellant contends, Gavin's equivocation allows for the reasonable hypothesis that he is not the "normal user" by not being economical in his purchases nor "normal" in not carrying an ingestion device.

As fact finder, the trial court rejected this hypothesis of innocence. The trial court's decision foreclosed the possibility that appellant was merely a drug user, not a drug dealer. The rejection of a hypothesis of innocence "is binding on appeal unless plainly wrong," Archer, 26 Va. App. at 12-13, 492 S.E.2d at 832 – *even* if there is "some evidence to support" the hypothesis of innocence, Hudson, 265 Va. at 513, 579 S.E.2d at 785. The expert did not waver

- 9 -

in his opinion that the circumstances surrounding appellant's possession of the imitation substance was inconsistent with personal use.

Appellant relies on <u>Dukes</u>, 227 Va. 119, 313 S.E.2d 382, to support his argument that lack of an ingestion device may only indicate an intent to smoke the crack at a later time, that a drug packaged for sale may be as consistent with personal use as with an intent to distribute, and that one may possess three pre-wrapped pieces for personal use because that was what was available for purchase. In <u>Dukes</u>, like in the instant case, no unusual amount of money was found and the quantity of drugs was relatively small.

Appellant correctly states the holding in <u>Dukes</u>, but one significant and deciding difference must be noted. In <u>Dukes</u>, unlike this case, there was no expert testimony interpreting the circumstances surrounding the possession of the drugs.

Here, the trial judge, sitting as fact finder, weighed Gavin's testimony. The trial judge found appellant guilty of the offense. This Court must give deference to the fact finder and, *a fortiori*, his assessment of Gavin's testimony. Giving proper deference to the fact finder compels us to conclude no reasonable hypothesis of innocence remains. Accordingly, we are unable to say that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson</u>, 443 U.S. at 319. Nor can we say that no "reasonable [fact finder] . . . could have rejected [the appellant's] theor[y] in his defense . . . ." <u>Hudson</u>, 265 Va. at 513, 578 S.E.2d at 785.

We affirm appellant's conviction.

<u>Affirmed.</u>

- 10 -

Alston, J., with whom Elder, J., joins dissenting.

I respectfully disagree with the majority's conclusion that the evidence was sufficient as a matter of law to support appellant's conviction for possession of an imitation controlled substance with the intent to distribute. Accordingly, I would reverse appellant's conviction and therefore dissent from the majority opinion.

As stated by the majority, neither the facts, nor the credibility of the Commonwealth's expert in the use, packaging, and distribution of narcotics are in dispute. *Supra* at 7. The majority also posits that "[t]he outcome of this case turns on the weight to be accorded the testimony of Detective Gavin, the Commonwealth's expert witness." Id. In reaching this conclusion, the majority recognizes that the facts of this case are similar to those in Dukes v. Commonwealth, 227 Va. 119, 313 S.E.2d 382 (1984), in which the Supreme Court of Virginia held the evidence was *insufficient* to prove possession with intent to distribute. *Supra* at 7. According to the majority, the presence of Gavin's expert testimony alone distinguishes Dukes from the instant case and provides the necessary evidence to determine that a "'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Supra* at 10 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

Preliminarily, I subscribe to the very measured analysis of the majority that if Detective Gavin had not testified, the evidence would have been insufficient to convict appellant of possession of an imitation controlled substance with the intent to distribute.[5] In order to prove intent to distribute, the Commonwealth may rely on circumstantial evidence, so long as the evidence as a whole excludes every reasonable hypothesis of innocence. See Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004); Servis v. Commonwealth, 6

---

[5] I also appreciate that the majority apparently does not suggest that a lack of circumstantial evidence in a case such as this can be salvaged by simply having an expert testify in support of a factual or legal proposition.

Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). "'Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong.'" Emerson, 43 Va. App. at 277, 597 S.E.2d at 249 (quoting Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997)); see also Haskins v. Commonwealth, 44 Va. App. 1, 9, 602 S.E.2d 402, 406 (2004) (holding that where the fact finder has rejected the hypothesis of innocence, "that determination cannot be overturned as arbitrary unless no rational factfinder would have come to that conclusion").

To convict an individual of intent to distribute a real or imitation substance, the circumstantial evidence must necessarily prove an intent to distribute the substance. See Adkins v. Commonwealth, 217 Va. 437, 439-40, 229 S.E.2d 869, 871 (1976) (citing Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973)). Virginia courts have considered a number of factors alone and in combination when determining if an intent to distribute exists. "When the proof of intent to distribute . . . rests upon circumstantial evidence, the quantity which the defendant possesse[d] is a circumstance to be considered." Dukes, 227 Va. at 122, 313 S.E.2d at 383. If the quantity of drugs possessed is greater than that ordinarily possessed for personal use, that fact alone may be sufficient to prove intent; however, where the quantity is small, the fact finder may infer the drugs were intended for personal use. Early v. Commonwealth, 10 Va. App. 219, 222, 391 S.E.2d 340, 341 (1990) (citing Dutton v. Commonwealth, 220 Va. 762, 765, 263 S.E.2d 52, 54 (1980)); see also Monroe v. Commonwealth, 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987).

In addition to the quantity of the controlled substance possessed, the Commonwealth may present other circumstances for the fact finder's consideration, such as the accused's conduct and statements. Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989) (citing Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974)). A trier of fact may

also consider how the drugs were packaged. <u>Dukes</u>, 227 Va. at 122-23, 313 S.E.2d at 383-84; <u>Monroe</u>, 4 Va. App. at 156, 355 S.E.2d at 337. "'However, even if the substance is packaged for distribution, there must be additional evidence to preclude the inference that it was purchased in the packaged form for personal use[,] rather than being held in that fashion for distribution.'" <u>Servis</u>, 6 Va. App. at 524, 371 S.E.2d at 165 (quoting <u>Monroe</u>, 4 Va. App. at 156, 355 S.E.2d at 337); <u>accord</u> <u>Dukes</u>, 227 Va. at 123, 313 S.E.2d at 384. For example, "'the presence of a large, or bulk, quantity from which smaller packages may have been made up for distribution'" may preclude the inference that the defendant possessed the illegal substance for personal use. <u>Servis</u>, 6 Va. App. at 54, 371 S.E.2d at 165 (quoting <u>Monroe</u>, 4 Va. App. at 156-57, 355 S.E.2d at 337). Likewise, "the presence of paraphernalia used in the packaging process," such as scales, baggie corners, or razor blades, is inconsistent with possession for personal use. <u>Hambury v. Commonwealth</u>, 3 Va. App. 435, 438, 350 S.E.2d 524, 525 (1986).

"The presence of an unusual amount of money, suggesting profit from sales, is another circumstance that negates an inference of possession for personal use." <u>Servis</u>, 6 Va. App. at 524, 371 S.E.2d at 165 (citing <u>Colbert v. Commonwealth</u>, 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978); <u>Dukes</u>, 227 Va. at 123, 313 S.E.2d at 384; <u>Wells v. Commonwealth</u>, 2 Va. App. 549, 551-52, 347 S.E.2d 139, 140 (1986)). The absence of an ingestion device and the presence of a firearm are also factors that may be considered. <u>Shackleford v. Commonwealth</u>, 32 Va. App. 307, 327-28, 528 S.E.2d 123, 133 (2000) (citing <u>Langston v. Commonwealth</u>, 28 Va. App. 276, 286, 504 S.E.2d 380, 385 (1998)). Finally, the fact finder may consider the testimony of expert witnesses in determining whether possession of an imitation or controlled substance is for personal use or distribution. <u>Id.</u> at 327, 528 S.E.2d at 133 (citing <u>Rodriguez v. Commonwealth</u>, 18 Va. App. 277, 443 S.E.2d 419 (1994) (*en banc*), <u>aff'd</u>, 249 Va. 203, 454 S.E.2d 725 (1995); <u>Poindexter v. Commonwealth</u>, 16 Va. App. 730, 432 S.E.2d 527 (1993)).

Here, like in <u>Dukes</u>, appellant possessed a relatively small quantity of an illegal substance. This substance was packaged in three small individual corner baggies. Appellant did not possess any paraphernalia associated with the distribution of illegal substances, i.e., razor blades or scales, nor did he possess an unusually large quantity of money or a firearm. Accordingly, in the instant case, none of the usual factors that overcome the presumption of possession of a small quantity for personal use were present.

Thus, I agree with the majority that considering all the evidence, except Gavin's testimony, there was insufficient evidence to convict appellant of intentionally possessing an illegal substance. My consideration of this case diverges from the majority's analysis in that I believe the evidence, even *with* Gavin's testimony, was insufficient as a matter of law to convict appellant. Not only did Gavin's testimony fail to foreclose appellant's hypothesis of innocence, it also contradicted Virginia case law in every respect. I firmly believe that where expert testimony is in opposition to case law, it is our duty to give deference to the prior decisions of Virginia's appellate courts by concluding that the expert's testimony, standing alone, fails as a matter of law to establish the fact it purports to prove.

The majority finds that Gavin's testimony "dismantled" appellant's hypothesis of innocence, namely, appellant's claim that "[he] believed he possessed real, not imitation, crack and had indeed been 'ripped off.'" *Supra* at 8. Gavin testified that the following circumstances were inconsistent with personal use: the method of packaging the substance; the absence of an ingestion device; and the fact that the "crack cocaine" was imitation crack cocaine, rather than the authentic drug. Gavin testified that the possession of three baggies of imitation crack was inconsistent with personal use because an experienced individual could get more for his money if he bought one larger rock of cocaine, rather than three smaller rocks. Not only does this determination presuppose that a seller of drugs always sells each bag at market value and that a

seller always has a larger rock of cocaine available for purchase, it also assumes that the three baggies of imitation cocaine had been exchanged for $60, rather than for a discounted price based on the total quantity purchased.  Further, as the majority acknowledges in its recitation of the facts, "when [Detective Gavin] was asked whether 'all cocaine users, everyone who buys crack, shops around for the best deal, like Wal-Mart [sic],' [he] conceded that he could confirm only 'that is what . . . *most* . . . users do.'"  *Supra* at 3 (emphasis added).  By admitting his testimony covered only what "*most* . . . users do," Detective Gavin established the existence of a reasonable hypothesis of innocence which the trier of fact was not entitled to reject arbitrarily— that appellant, although a user of crack cocaine, was not like "most" users in this particular instance and did not "shop[ ] around" for the best deal by attempting to buy his cocaine in a bulk, undivided quantity.

More importantly, Virginia's jurisprudence instructs us that "'even if the substance is packaged for distribution, there must be additional evidence to preclude the inference that it was purchased in the packaged form for personal use[,] rather than being held in that fashion for distribution.'"[6]  Servis, 6 Va. App. at 524, 371 S.E.2d at 165 (quoting Monroe, 4 Va. App. at 156, 355 S.E.2d at 337); accord Dukes, 227 Va. at 123, 313 S.E.2d at 384.  The majority holds Gavin's testimony necessarily leads to the conclusion that "be he experienced or be he inexperienced, it is unlikely that appellant would have purchased three packages of the substance, believing it to be crack."  *Supra* at 8.  I believe this Court must still consider Gavin's

---

[6] I would respectfully suggest that the majority's reliance on the analysis in McCain v. Commonwealth, 261 Va. 483, 545 S.E.2d 541 (2001) (holding that cocaine packaged in two individually wrapped blocks in a single plastic bag supported a finding of distribution), cannot occur in a vacuum.  In my view, the Supreme Court held in McCain that it is appropriate to consider the quantity of the illegal substance, its packaging, and the presence of an unusual amount of cash, distribution equipment, or firearms.  As previously noted, appellant herein had three rocks of fake cocaine, no distinctive packaging, no unusual amount of cash, no distribution equipment, and no firearms.

testimony as a single piece of evidence that must be viewed through the prism of Virginia's case law. See Askew v. Commonwealth, 40 Va. App. 104, 109-10, 578 S.E.2d 58, 61 (2003). As Virginia's appellate courts have repeatedly held, when a small amount of an illegal substance is possessed in prepackaged form, the method of packaging is not a dispositive indicator of possession for distribution. Dukes, 227 Va. at 123, 313 S.E.2d at 384; Servis, 6 Va. App. at 524, 371 S.E.2d at 165; Monroe, 4 Va. App. at 156, 355 S.E.2d at 337. It is error for this Court to hold otherwise based on the testimony of an expert witness, particularly where the testimony is equivocal.

Similarly, as to the relevance of the absence of an ingestion device, Detective Gavin testified only that "*normal* user[s]" "maintain a stem or crack pipe on their person when they purchase crack cocaine." *Supra* at 3 (emphasis added). Again, this testimony leaves open the reasonable hypothesis that appellant, who possessed the imitation crack cocaine while standing on the front porch of a residence, although perhaps not a "normal user" of crack cocaine as described by Detective Gavin in that he did not have a smoking device on this person at that time, was nevertheless a user of crack cocaine who had a smoking device in close proximity, perhaps inside the residence of the porch on which he stood. This hypothesis requires no additional testimony or leap of faith to constitute a reasonable hypothesis of innocence flowing from the evidence in the record. Thus, it may not be arbitrarily rejected by the fact finder.

Further, to the extent that Detective Gavin's testimony may be viewed as asserting that the absence of an ingestion device affirmatively established appellant possessed the imitation cocaine for distribution purposes, that testimony is in direct opposition to Virginia precedent, which recognizes that the absence of a personal ingestion device "does not give rise to an inference that [a defendant] was not a drug user." Dukes, 227 Va. at 123, 313 S.E.2d at 384. In Dukes, which the majority cites, the Supreme Court determined it was "more likely that [the

- 16 -

defendant] used the drug elsewhere," rather than at her place of employment.  Id.  Similarly, here, it is more likely that appellant used the drug somewhere other than on the porch of a house that was in plain view of the street, such as inside the house itself.  Once more, I do not believe we may give Gavin's opinion greater deference than the authority that binds us.

When the Commonwealth's evidence is wholly circumstantial, "'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"  Dukes, 227 Va. at 122, 313 S.E.2d at 383 (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)).  "Where inferences are relied upon to establish guilt, they must point to guilt so clearly that any other conclusion would be inconsistent therewith."  Dotson v. Commonwealth, 171 Va. 514, 518, 199 S.E. 471, 473 (1938).  "There is no stronger presumption afforded than that an accused is presumed to be innocent, which cannot be overthrown except by proof of his guilt beyond a reasonable doubt."  Id. at 517, 199 S.E. at 473.  Here, as a matter of law, the evidence and any inferences to be drawn from the evidence do not point so clearly to guilt of possession with intent to distribute as to make unreasonable a conclusion that appellant possessed the substance for his personal use.

In sum, this record provides a dearth of direct evidence, analytically incomplete circumstantial evidence, and Detective Gavin's singular expert opinion that the items appellant possessed were indeed possessed with the intent to distribute.  I would respectfully suggest that in circumstances involving equivocal expert testimony, and circumstantial evidence that does not support a conviction, even when viewed in the light most favorable to the Commonwealth, the evidence fails to exclude a reasonable hypothesis of appellant's innocence.  See Dukes, 227 Va. at 123, 313 S.E.2d at 384.  Accordingly, I must dissent.